**SAM KRAUS COMPANY, a Corporation, (Plaintiff) Appellant,**

v.

**STATE HIGHWAY COMMISSION of Missouri, (Defendant) Respondent.**

**No. 52370.**

Supreme Court of Missouri, Division No. 1.

July 10, 1967.

Derrick & Holderle, Benjamin C. Klene, St. Louis, Joseph R. Nacy, Jefferson City, for plaintiff-appellant.

Robert L. Hyder, Bruce A. Ring, Jefferson City, for defendant-respondent.

HOLMAN, Judge.

On February 27, 1964, plaintiff filed this suit seeking to recover from defendant the

sum of $35,000, together with 6% interest from December 11, 1957. The trial court sustained defendant's motion for summary judgment which was based upon the contention that the claim was barred by the five-year statute of limitations. See § 516.120.[1] Plaintiff has duly appealed from the judgment entered.

The petition alleges that on March 11, 1953, plaintiff "entered into a contract with the defendant * * * to do certain work on a project known as Third Street Highway, in the City of St. Louis; * * * that Third Street Highway adjoins certain property known as the St. Louis Cordage Company building * * * owned by American Manufacturing Company; * * * that excavation required by the plans and specifications for a retaining wall abutted and adjoined the foundation of the St. Louis Cordage Company building; that said plans and specifications required special construction methods to accomplish the construction for the retaining wall * * *. Defendant warranted that its engineering design, plans and specifications, were adequate to accomplish the purpose manifested by the plans and specifications without any damage to adjacent or abutting property and that if the plaintiff followed the plans and specifications and adhered to the specific provisions thereof and executed this work in a workmanlike manner in accordance therewith, no damage would result to any property or any buildings adjacent to and abutting on the proposed work. * * * that at all times it adhered to and followed the plans and specifications, including all change orders issued during the progress of the work. * * * that despite the fact that it followed the plans and specifications and change orders in connection therewith implicitly and completely, the foundation of the St. Louis Cordage Company building settled and the walls cracked as a result of the work required of the plaintiff by the defendant. * * * that the basis of the design for the construction

of the retaining wall was deficient and did not conform to prudent and accepted engineering standards. In addition to the defect in design, the defendant required the plaintiff to drive piling in close proximity to said building and to excavate for the construction of said Sections 6, 7, and 8 of Retaining Wall 'A' without adequate engineering plans and specifications for preventing the displacement or settlement of the earth upon which the building was founded or for otherwise preventing damage to the said building; that defendant delayed the work unnecessarily during the period of excavation and construction, thereby permitting and encouraging the erosion of lands underneath the foundation of said building and the consolidation of the soft, wet clays due to the localized lowering of the ground water table. * * * Defendant required the blasting of rock in close proximity to said building to increase the depth of the excavation which accelerated the displacement and settlement of the earth underneath the foundation of said building."

The petition further alleged that "on March 8, 1955, a suit was filed by the American Manufacturing Company against it for the sum of $150,000.00; that thereafter, in order to minimize the damage to the Sam Kraus Company, a compromise of the said claim was effected on or about December 11, 1957, by the plaintiff paying $35,000.00 to the American Manufacturing Company. * * * that the damage to the building was a result of the deficient engineering design and specifications, change order and delays of the defendant, and its requiring that said work be performed according to said faulty design; that the damages to plaintiff resulted directly and proximately from defendant's failure to furnish adequate engineering plans, specifications and directions for accomplishing the work in accordance with the contract; * * * that because of the breach of said warranty on the part of the defendant, it has been

damaged in the sum of Thirty-Five Thousand Dollars."

It is provided in § 516.120(1) that "[a]ll actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110 * * *" must be filed within five years. Section 516.-110(1) provides that the ten-year statute is applicable to "An action upon any writing, whether sealed or unsealed, for the payment of money or property."

As indicated, defendant contends that the five-year statute is applicable, while plaintiff claims that this is an action on a written contract for the payment of money and hence the ten-year statute should be applied. There would appear to be no question but that plaintiff's claim accrued 'not later than December 11, 1957, and that if the five-year statute is applicable the trial court properly entered judgment for defendant.

The judgment herein was based solely upon the pleadings. While substantially the same relief could have been obtained by a motion to dismiss, it has been held that a summary judgment may also be based upon the pleadings alone. See Civil Rule 74.04(c), V.A.M.R., and Dowdy v. Lincoln National Life Ins. Co., Mo.App., 384 S.W.2d 282 [3].

We have concluded that the ten-year statute does not apply in this case and therefore the trial court properly entered a judgment for defendant. It has long been the rule in this State that in order to bring an action upon any writing for the payment of money or property, "it must appear in the statement of the cause of action that the money or property sued for is promised to be paid or given by the language of the writing, and that such promise does not arise only upon proof of extrinsic facts." Parker-Washington Co. v. Dennison, 267 Mo. 199, 183 S.W. 1041, 1042. And "that promise or obligation must arise from the language and fair implication of the writing. The promise may not be shown by extrinsic evidence or consist of an obligation

imposed by law from the facts of the transaction." Martin v. Potashnick, 358 Mo. 833, 217 S.W.2d 379, 381. In the case under review there is no allegation that defendant promised or agreed in the contract to reimburse plaintiff for money paid in settlement of damage claims asserted by adjoining property owners. Defendant did agree to pay plaintiff a specified sum for labor and materials furnished in constructing the portion of the highway here involved but that is not the item for which recovery is sought.

As a further indication that plaintiff did not seek payment of any sum defendant agreed to pay in the contract, we note that plaintiff alleged in its reply that "its cause of action is not a claim under the contract, but is a suit for the breach of said contract." The cases hold, however, that an action for breach of contract is not an action upon a writing for the payment of money within the ten-year statute and is accordingly governed by the five-year statute. Parker-Washington Co. v. Dennison, supra; McIntyre v. Kansas City, 237 Mo.App. 1178, 171 S.W.2d 805. In McIntyre the plaintiff was an architect. He entered into a written contract with defendant whereby he agreed to prepare plans for and supervise construction of a viaduct. Defendant agreed to pay him 5% of the cost of the viaduct for his services. Plaintiff prepared the plans but defendant never constructed the viaduct. He sued for damages for breach of contract. In reversing a judgment obtained by plaintiff the court stated that "the pleading, the contract and the evidence in this case give plaintiff's action the character of a suit for damages for a breach of the contract. It is not based upon an absolute and fixed liability of defendant evidenced by a writing to pay money, and the five-year statute of limitation applies." 171 S.W.2d 811.

Plaintiff contends that the court erred in entering a summary judgment because the pleadings presented a factual issue "with respect to whether or not the contract is one for the payment of money." That conten-

tion is without merit. As we have indicated there is no question but that the contract provides for the payment of money by defendant to plaintiff but there is no contention that defendant agreed therein to pay any item such as that claimed in plaintiff's petition.

In support of its contention that the ten-year statute is applicable plaintiff has cited South Side Realty Co. v. Hamblin, Mo. App., 387 S.W.2d 224, Brown v. Irving, Mo.App., 269 S.W. 686, Martin v. Potashnick, supra, Lorberg v. Jaynes, Mo.App., 298 S.W. 1059, and Babler v. Rhea, Mo. App., 202 S.W. 604. All of those cases state the rules we have heretofore quoted. The factual situations are, of course, different from that in the case at bar. We have carefully examined those cases and do not find that any of them support plaintiff's contention.

The judgment is affirmed.

HENLEY, P. J., SEILER, J., and STORCKMAN, Alt. J., concur.