Marcel SILTON, Appellant,

v.

KANSAS CITY, Missouri, a Municipal Corporation, and American Locker Company, Inc., Respondents.

No. 53608.

Supreme Court of Missouri,
Division No. 2.

Oct. 28, 1969.

Robert L. Shirkey, Kansas City, Fred G. Mancuso, Kansas City, for plaintiff-appellant.

Alvin D. Shapiro, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, for respondents.

GEORGE W. CLOYD, Special Judge.

In this action plaintiff seeks to recover the sum of Forty Thousand Dollars from the defendants. This was the value which he places on a coin collection which allegedly disappeared after being deposited in a locker in the air terminal being operated by the defendant city. The lockers had been furnished by the defendant corporation. From an Order of Court below, sustaining a motion of defendants for summary judgment and dismissing plaintiff's petition, plaintiff appeals. The amount in controversy vests jurisdiction in this Court.

From the allegations of plaintiff's petition it appears that plaintiff is a dealer in rare coins. He had gone to Kansas City, Missouri, for the purpose of buying, selling and exchanging coins with dealers and collectors. On September 22, 1960, he went to the Municipal Airport in Kansas City, Missouri, in order to take a flight to Cincinnati, Ohio. While awaiting his flight he deposited his stock of coins in the locker which was operated by inserting a coin and removing the key. Upon his return the locker door was open, the coins gone and the door bore evidence of having been forced open.

On January 31, 1961, plaintiff filed his petition for damages, alleging the defendant city's operation of the Air Terminal together with the storage lockers for use by the public for the deposit of personal property. The petition then alleges the use of the lockers by plaintiff as set out above and a subsequent demand by plaintiff for the return of his property and a refusal of the defendant city to do so. As noted, the petition sought damages in the sum of Forty Thousand Dollars as the reasonable value of the coins. On January 27, 1965, plaintiff amended his petition to join American Locker Company, Inc. as a party defendant and except to allege that both defendants maintained and operated the storage lockers, this petition contained the same allegations as the original petition.

On October 6, 1967, plaintiff filed an amended petition in four counts. (It should be noted that this amendment was made more than five years after the occurrence for which plaintiff seeks damages.) Both defendants moved for a summary judgment on all four counts on the basis that its claim was barred under the five-year statute of limitation. Section 516.120, RSMo 1959, V.A.M.S. On December 1, 1967, the Trial Court entered its order sustaining the joint motion for summary judgment and dismissing all four counts of the petition as to both defendants. Plaintiff accepted the result as to I, II and III and appeals only from the order dismissing Count IV.

The sole point presented by this appeal is that the Trial Court erred in dismissing Count IV of the petition for the reason that it comes within the ten-year period of limitations provided by Section 516.110, RSMo 1959, V.A.M.S., and is not governed by the five-year period of limitations set forth in Section 516.120, RSMo 1959, V.A.M.S. We therefore limit this opinion to a consideration of that single issue.

Count IV of plaintiff's petition seeks recovery based upon the provisions of a contract entered into between the defendants for the installation of the lockers and the Air Terminal.

" * * * Locking mechanism shall be of such type and construction as to assure adequate security against forcible entry and/or free use of locker compartments. * * * "

The agreement further provides:

"The Locker Company agrees to indemnify the City against all liability of whatever kind or character for which either party may be legally liable, resulting from or in any way connected with the lawful use of lockers, and also against all claims for loss of or damage to articles checked in lockers, whether said articles remain in or are removed from lockers. * * *

The Locker Company agrees to furnish and deposit with the City evidence of liability insurance in such amounts as the City shall require, naming the City as co-insured to hold the City harmless as set out herein."

Plaintiff contends that the first quoted provision sets the standard for the protection of the public and that he sustained damage as a direct result of American's breach of duty undertaken in the agreement. He then argues that he is the beneficiary of the provisions of that clause and those provisions whereby American agrees to indemnify the city against all claims of legal liability arising from the use of the lockers and to procure liability insurance naming the city as a co-insured. Following this reasoning he claims to be the beneficiary of written obligation for the payment of money and asserts that his action may be brought within ten years as provided by Section 516.110(1), RSMo 1959, V.A.M.S.

To support his position, plaintiff advances three propositions. (1) The right of a third-party beneficiary to bring an action on a contract made by others but conferring a benefit on him. (2) The action may be brought within ten years where it is a written obligation to pay money. (3) In such action the precise amount to be paid need not appear in the written instrument but may be shown by extrinsic evidence.

■ It is well established that a beneficiary of a contract may sue to enforce its performance even though not named in the contract and not privy to its consideration. Uhrich v. Globe Surety Co., 191 Mo.App. 111, 166 S.W. 845. To support this proposition plaintiff cites a number of cases which apply the doctrine in a variety of situations. Binswanger v. Employers' Liability Assurance Corp., 224 Mo.App. 1025, 28 S.W.2d 448; Huddleston v. Manhatten Fire and Marine Insurance Company, 235 Mo.App. 776, 148 S.W.2d 74;

Dulley v. Berkley, Mo.Sup., 304 S.W.2d 878. The rule is applicable even though the contract works to the advantage of the contracting parties and their purpose in conferring the benefit on the third party was a selfish one, benefiting or protecting themselves. Black and White Cabs of St. Louis, Inc. v. Smith, Mo.App., 370 S.W.2d 669.

■ Where the third-party beneficiary of a contract has the right to bring an action, he may bring it within ten years upon the showing of the existence of a written obligation to pay money to such third-party beneficiary. In support of this second proposition plaintiff cites Smith v. Davis, 90 Mo.App. 533; United States v. Scott, 8 Cir., 167 F.2d 301.

■ Where a writing is susceptible to the construction that it contains a promise to pay money, the statute is applicable even though the precise sum to be paid is contingent and must be shown by extrinsic evidence after the promise has been made. In support of this proposition plaintiff relies on Martin v. Potashnick, 358 Mo. 833, 217 S.W.2d 379; Lorberg v. Jaynes, Mo. App., 298 S.W. 1059. These decisions are authority for that proposition.

■ In order to determine the applicability of the propositions advanced by the plaintiff we must determine whether the agreement on which he relies may be construed as a written obligation for the payment of money. We hold it may not be so construed.

We may concede arguendo, as defendants have in their brief, that the first clause of the contract quoted above concerning the locking mechanism of the lockers might be construed as being for the benefit of third persons using the lockers. The breach of the clause might give plaintiff the right to sue but this would be a suit for breach of contract and not a suit for the enforcement of the contract. In order to prevail plaintiff would have to

prove the breach, a loss as a result of such breach and the amount of his damages.

In Sam Kraus Company v. State Highway Commission, Mo.Sup., 416 S.W.2d 639, we held that in order to invoke the ten-year statute it must appear that the money sued for is promised by the language of the writing. The promise must be contained within the writing and may not be shown by extrinsic evidence or consist of an obligation imposed by law from the facts. In that case we held that the plaintiff was suing for breach of contract and the five-year statute was therefore applicable. The same is true in this case.

Plaintiff's petition sets out the provisions of the agreement with respect to the locking mechanism, alleging that the agreement was for the benefit of the public and himself. He then alleges a breach of the agreement, to wit: the loss of his property due to the insufficiency of the locking mechanism and the resultant damage in the sum of Forty Thousand Dollars. These allegations clearly sound in breach of contract. They do not constitute the pleading of either an express or implied promise to pay money which must exist in order to invoke the ten-year statute. Herweck v. Rhodes, 327 Mo. 29, 34 S.W.2d 32. They do not remotely suggest that the instrument contains an acknowledgment of a debt and an admission that the debt is due and unpaid, which are the elements of a promise to pay money. Martin v. Potashnick, supra.

■ Plaintiff argues that the provisions of the agreement whereby American agrees to hold the city harmless from all liability arising from the use of the lockers and to furnish a liability insurance policy naming the city as a co-insured are further evidence of the city's intention to protect users of the lockers by exacting a promise from American to pay money to anyone suffering a loss from such use. We do not so read those provisions. They are simple clauses inserted solely for the protection and benefit of the city. Their clear import is that any claims against the city would be resisted and any payment made would take place only after the establishment of legal liability by a user of the lockers. It is a simple indemnity agreement between the parties and does not confer a right to sue on a third-party plaintiff. State v. St. Louis and S. F. Railway Company, 125 Mo. 596, 28 S.W. 1074; 41 Am.Jur.2d 731, Indemnity, Sec. 41.

Throughout his brief plaintiff repeatedly refers to the promise as being one to pay damages. The cases cited uniformly hold that an action for damages for breach of contract is governed by the five-year statute and where the obligation to pay is contingent upon proof of extrinsic facts it is not such a written promise as is contemplated by Section 516.110(1), RSMo 1959, V.A.M.S. We are not unmindful that any liability insurance policy such as contemplated by the agreement between defendants would contain the usual provisions to defend any claims asserted against either of the defendants and giving the insurance company the right to employ counsel for that purpose.

Until the contingency of establishing legal liability on the part of defendants has been met, neither the defendants nor the insurer under the agreement would have any obligation to pay money to anyone claiming loss by reason of the use of the lockers. Thus the proof of extrinsic facts would be required to establish both the existence of the obligation as well as the amount of the loss. Where these circumstances are shown to exist the action does not come within the doctrine of those cases cited above which permit the proof of the amount of debt by extrinsic evidence under the ten-year statute so long as the existence of the debt and the promise to pay are all unequivocally set forth in the written instrument.

The case of United States v. Scott, C.C. A. 8th, 167 F.2d 301, on which plaintiff relies heavily is not factually in point. In

that case the Court held that the ten-year statute of limitations was applicable to a suit brought against the defendant on a written agreement by the defendant to pay the debts of a third person. The suit was one brought by the United States Government to recover a tax liability which had been adjudicated prior to the execution of the agreement sued on and which liability was included in the written agreement. The liability was liquidated and the promise to pay was set forth in the writing so that the suit by the third-party beneficiary was not for a breach of the contract but was to enforce the agreement. We have no quarrel with the result reached under the facts of that case but it does not constitute any authority for the application of the ten-year statute in this case.

In order to consider the issue presented in this appeal, we have treated the first paragraph of the agreement set forth above as though it conferred some benefit on plaintiff. We have done so only to meet the issue which the parties have briefed and we do not rule that question. See Howsmon v. Trenton Water Company, 119 Mo. 304, 24 S.W. 784; Kansas City Life Insurance Company v. Rainey, 353 Mo. 477, 182 S.W.2d 624, 155 A.L.R. 168; Stephens v. Great Southern Savings & Loan Association, Mo.App., 421 S.W.2d 332.

We hold that the Trial Court correctly ruled that the cause of action alleged in Count IV of plaintiff's petition was governed by the five-year statute of limitations as set forth in § 516.120 RSMo 1959, V.A.M.S., and that the action was not governed by the ten-year period of limitations provided in § 516.110(1), RSMo 1959, V.A.M.S.

The judgment is affirmed.

DONNELLY, P. J., and FINCH, J., concur.

MORGAN, J., not sitting.