Joseph **BARBERI** et al., Plaintiffs-
Respondents,

v.

**UNIVERSITY CITY**, a Municipal Corpora-
tion, Defendant-Appellant.

No. 35844.

Missouri Court of Appeals,
St. Louis District.

Jan. 14, 1975.

Gregory M. Sheehan, Jr., University City, for defendant-appellant.

Correnti & Mykins, St. Louis, for plaintiffs-respondents.

GUNN, Judge.

Plaintiff-respondents represent a class of University City firemen seeking to collect $15,895 for holidays worked during the period May 9, 1956 to June 30, 1960. Plaintiffs filed their suit on May 10, 1966, and defendant-appellant University City has asserted the defense that plaintiffs' action was barred by the five year limitation period of § 516.120 RSMo 1969.[1] Trial was without jury, and the trial judge entered judgment in favor of plaintiffs. Defendant appealed, and we reverse the judgment.

Plaintiffs' claim is based on Rule X of University City's Civil Service Rules which was adopted by ordinance and which provides in pertinent part:

\* \* \* \* \* \*

"3. *Holidays*: The following and other days as may be designated by the City Council are paid holidays for regular employees.

New Years' Day
George Washington's Birthday
Memorial Day
Independence Day
Labor Day
Armistice Day
Thanksgiving Day
Christmas Day

When a holiday falls on the regularly assigned day off for a full-time em-

---

1. Statutory references are to RSMo 1969, V.A.M.S.

ployee, such employee, if practicable, may be compensated by appropriate time off as provided elsewhere in these rules. Whenever a holiday falls on a Sunday, the following Monday shall be considered a holiday."

During the period from May 9, 1956, to June 30, 1960, the members of plaintiffs' class worked as firemen for a total of 935 holidays and were given no additional holiday pay or compensation time off for holidays worked. It was stipulated by plaintiffs and defendant that the reasonable value of work performed on the 935 holidays amounted to $15,895. There is no claim by plaintiffs that they were not paid their regular wages for work performed on holidays. They seek compensation in addition to that regularly paid.

Plaintiffs' law suit was filed May 10, 1966—more than five years after the May 9, 1956 to June 30, 1960 period for which plaintiffs claim that they are entitled to the additional holiday pay. Plaintiffs submit that the ten year limitation period of § 516.110(1), which provides as follows, is controlling:

"516.110. What actions shall be commenced within ten years.—Within ten years:

(1) An action upon any writing, whether sealed or unsealed, for the payment of money or property;"

*    *    *    *    *    *

Plaintiffs argue that defendant's liability for payment of extra holiday compensation is based on Rule X; that Rule X is a writing providing for payment of money; ergo, according to plaintiffs, the ten year period for filing an action under § 516.110(1) is applicable.

Defendant counters that any liability claimed for the payment of extra holiday compensation is founded on University City ordinances providing for salary payment to City employees; that for the application of statutes of limitation, municipal ordinances are equivalent to statutes; hence, any liability for holiday pay would be based on a statute and action thereon

must, under § 516.120(2), be brought within five years.

■ Inasmuch as plaintiffs' claim for compensation is based on Rule X of defendant's civil service rules adopted pursuant to an ordinance enacted by defendant, we decide that plaintiffs' claim is an action upon an obligation as contemplated by § 516.120(1) and is barred by reason of the five year limitation period. § 516.120(1) provides:

"516.120. What actions within five years.—Within five years:

(1) All actions upon contracts, *obligations* or liabilities, express or implied, except those mentioned in section 516.110, and except upon judgments or decrees of a court of record, and except where a different time is herein limited;" (emphasis added)

*    *    *    *    *    *

■ We cannot agree with plaintiffs' hypothesis that Rule X represents a writing for the payment of money within the meaning of § 516.110(1). Generally, in order to constitute a promise to pay money within the meaning of § 516.110(1), the writing must contain a promise to pay money and the promise or obligation to pay the money must arise from the writing itself and may not be shown by extrinsic evidence. Silton v. Kansas City, 446 S.W.2d 129 (Mo.1969); Sam Kraus Co. v. State Highway Commission, 416 S.W.2d 639 (Mo.1967). Rule X is silent as to any additional compensation for an employee who is required to be on holiday duty. There is no promise for the payment of extra money for working holidays. And while a municipality may be obligated to give additional compensation to employees working on certain holidays, such obligation is not expressed by Rule X.

More nearly analogous to the situation at hand is Coleman v. Kansas City, 351 Mo. 254, 173 S.W.2d 572 (1943), which held the five year statute of limitations applicable to claims for additional salaries of certain employees as prescribed by ordi-

nances. In the present case, according to defendant's charter, compensation and salaries of employees are fixed by ordinances, not by civil service rule. Thus, in accordance with Coleman v. Kansas City, supra, employees' claims for compensation would fall within the stricture of the five year provision of the statute of limitations. And we specifically hold that in this case, plaintiffs' claim for compensation is an action based upon an obligation within the meaning of § 516.120(1). See Kansas City v. Standard Home Improvement Co., Inc., 512 S.W.2d 915 (Mo.App.1974), which applied the five year limitation period to a tax claim arising by virtue of an ordinance.

In view of our decision, we need not discuss defendant's argument that plaintiffs' claim is based on a statute, other than to state that it is not.

The judgment is reversed and remanded with instructions to enter judgment for defendant.

SIMEONE, P. J., and McMILLIAN, J., concur.

