**Rosemary BANGERT and William Bangert, Appellants,**

v.

**BOISE CASCADE CORPORATION, Appellee.**

No. 75–1348.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1975.

Decided Jan. 7, 1976.

Rehearing Denied Feb. 3, 1976.

Burton H. Shostak, St. Louis, Mo., for appellants.

Thomas E. Wack, St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

LAY, Circuit Judge.

Rosemary and William Bangert brought this action to recover damages arising from the alleged breach of a real estate lease. They were the lessors and defendant, Boise Cascade Corporation, was the successor in interest to the original lessee, R. C. Can Company. The lease term was for 30 years beginning March 1, 1965 and the agreed rental value was $246,000.00 per year for the first 20 years and $210,000.00 per year for the last 10 years of the lease. The lease contained a provision that the lessee would not assign or transfer any interest in the lease "and will not suffer or permit any assignment thereof by operation of law without the prior written consent of the Landlords."

R. C. Can Company merged with Boise Cascade without the written consent of the landlord in 1967. Boise requested recognition as the new tenant and successor in interest, but such recognition was never given. In January, 1967, the Bangerts assigned all rents which were due or would become due under the lease to Community Federal Savings and Loan, the plaintiffs' mortgagee. On March 3, 1969, the Bangerts served notice of breach upon defendant, claiming that the merger constituted a transfer of the lease or an assignment by operation of law in violation of the lease.

In August, 1971, Community Federal foreclosed plaintiffs' interest in the premises, and then bought the property at the foreclosure sale. In December, 1971, Community Federal sold the property to Boise Cascade for $2,772,000.00, and contemporaneously gave Boise a full release from any and all liabilities.

On March 21, 1974, plaintiffs initiated this action claiming breach of the lease and damages of $6,888,000.00. Plaintiffs reduced the damage figure to $2,526,000.00 in a post-trial brief.

The defendants raised several defenses, including the Missouri statute of limitations. Defendant also counterclaimed for damages resulting from plaintiffs' alleged breach of a December 29, 1964 agreement (an agreement contemporaneous with the lease) which purported to indemnify defendants for certain expenses and maintenance, reparation or construction of other specified items. Defendant also claimed non-performance of an easement deed with consequent damages. These damages were later stipulated to be $298,031.83.

Trial was to the court, the Honorable John Nangle, presiding. In denying relief to the plaintiffs, the trial court held: (1) that the merger of R. C. Can Company was not an assignment or transfer proscribed by the lease; (2) that plaintiffs made no attempt to mitigate their damages following the alleged breach; (3) that plaintiffs had waived and were estopped to assert any right they may have had to assert a breach arising from the merger, by reason of acceptance of rent payments and the assignment of future rents to Community Federal; (4) that the foreclosure extinguished the lease; and finally, (5) that the action was barred by the five-year statute of limitations, Mo.Rev.Stat.Ann. § 516.120 (1969), covering actions upon contracts. The court held that plaintiffs knew of the merger at the time it occurred and waited more than seven years to bring the action and therefore their claim was barred.

Judgment was granted for the defendant on the plaintiffs' claims and on the counterclaim in the amount of $298,031.83. We need not pass on all the findings of the trial court, for we affirm on the ground that the law bars the claim under the applicable Missouri statute of limitations.

Under § 516.120 of the Missouri Revised Statutes, an action must be commenced within five years if it is based on a contract, obligation or liability, express or implied, except those mentioned in § 516.110. Section 516.110 states, in part, that the enumerated actions must be commenced:

Within ten years:

(1) An action upon any writing, whether sealed or unsealed, for the payment of money or property . ..

Mo.Rev.Stat.Ann. § 516.110 (1969).

■ Thus, the determinative question is whether this action is based upon a "writing . . . for the payment of money or property." There is no question that if the action is not premised on such a writing, the action is barred by § 516.120.

The general rule stated by the Missouri courts is that the language of the writing being relied upon must be susceptible to the construction that it contains a promise to pay money. In *Martin v. Potashnick*, 358 Mo. 883, 217 S.W.2d 379 (1949), the Missouri Supreme Court stated:

[T]he essence of a promise to pay money is that it is an acknowledgment of an indebtedness, an admission of a debt due and unpaid.

217 S.W.2d at 381.

In applying this general rule the Missouri courts recite another maxim: the promise to pay money or property must arise explicitly or by fair implication, from the language of the writing and that such promise cannot arise by proof of extrinsic evidence or consist of an obligation imposed by law from the facts of the transaction. *See, e. g., Silton v.*

*Kansas City,* 446 S.W.2d 129 (Mo.1969); *Sam Kraus Co. v. State Highway Comm'n.,* 416 S.W.2d 639 (Mo.1967); *South Side Realty Co. v. Hamblin,* 387 S.W.2d 224 (Mo.App.1964); *Martin v. Potashnick, supra* at 381.

In *McIntyre v. Kansas City,* 237 Mo. App. 1178, 171 S.W.2d 805 (1943) the plaintiff was an architect who had entered into a written contract with the defendant, whereby he agreed to prepare plans for and supervise the construction of a viaduct. The defendant agreed to pay five per cent of the cost of the viaduct for the architect's services. The plaintiff prepared the plans, but the viaduct was never constructed. Plaintiff sued for damages for breach of the contract. In reversing judgment for plaintiff, the Missouri appellate court stated:

[T]he pleading, the contract, and the evidence in this case give plaintiff's action the character of a suit for damages for a breach of the contract. *It is not based upon an absolute and fixed liability of defendant evidenced by a writing to pay money, and the five-year statute of limitation[s] applies.*

171 S.W.2d at 811 (emphasis added).

The *McIntyre* court explained the rule as follows:

Under the contract in this case, in order for plaintiff to maintain an action on a writing for the payment of money, it would have been necessary to plead and prove the fulfillment of the conditions upon which payment was to be made. If the contract for the construction of the viaduct had been awarded, and if the viaduct had been built and accepted, and defendant had refused to pay the amount agreed to be paid on said contingencies, then plaintiff could have maintained an action on a writing for the payment of money according to the promises contained in the contract, and could have recovered the amount shown to be due.

171 S.W.2d at 811.

The *McIntyre* holding that a suit for damages for a breach of the contract could not provide the requisite "absolute and fixed liability . . . evidenced by a writing to pay money" became increasingly important in the development of the Missouri law in this area. In 1967, the Missouri Supreme Court noted in *Sam Kraus Co. v. State Highway Comm'n., supra,* that:

> The cases hold . . . that an action for breach of contract is not an action upon a writing for the payment of money within the ten-year statute

416 S.W.2d at 641.

In *Kraus,* a construction company sued the state highway commission to recover money which the company had paid to settle a damage claim to a third party arising out of road construction performed by the company under state contract. The contract included a clause wherein the state warranted that the plans for the construction were adequate and, if properly implemented, would not cause damage to adjacent land owners. The court found that the 10-year statute was not applicable since the defendant was not alleged to have promised or agreed in the writing to reimburse the plaintiff for money paid in settlement of damage claims asserted by adjoining property owners.

A similar case, reiterating the "uniformly" applied rule that a suit for damages on the breach of a contract could not come within the 10-year statute, is *Silton v. Kansas City, supra.* There the Court stated:

> [Plaintiff] alleges a breach of the agreement . . . . These allegations clearly sound in breach of contract. They do not constitute the pleading of either an express or implied promise to pay money which must exist in order to invoke the ten-year statute. . . .

446 S.W.2d at 132.

In denying plaintiff's claim that he was suing under provisions of an indemnity clause in a written contract the Court noted:

> [T]he proof of extrinsic facts would be required to establish both the existence of the obligation as well as the amount of the loss. Where these circumstances are shown to exist the action does not come within the doctrine of those cases cited above which permit the proof of the amount of debt by extrinsic evidence under the ten-year statute so long as the existence of the debt and the promise to pay are all unequivocally set forth in the written instrument.

446 S.W.2d at 132.

In the present case plaintiffs assert that the breach of one of the covenants in the lease activates the liquidated damage clause which is the written promise to pay upon which the action is based. The difficulty with this argument is that a breach of contract must be shown by extrinsic evidence before the liquidated damage clause even comes into effect. Plaintiffs thus are not suing to enforce the contract, but are claiming damages resulting from an alleged breach of the contract. As in *Silton,* the underlying obligation is not fixed and absolute, as required by the 10-year statute, but rather is contingent on proof of extrinsic facts to establish the very existence of the obligation. The pleadings make clear that the plaintiffs' claim is based on breach of contract rather than a promise to enforce the contract.

We find that the liquidated damage clause is only an acknowledgment of certain rights which inhere on the future contingency of a breach of the lease. The basis of the obligation—liability for breach of the contract—is not "fixed," "absolute," "acknowledged," "admitted" or any other adjective used to bring an action within the 10-year statute. Rather such liability is adamantly contested. The existence of the breach turns on the question of whether Article VII includes a "transfer by operation of law" in its language as an "assignment by operation of law." On this question, both litigants

present detailed factual and legal arguments adequately demonstrating that the breach of the contract is not absolute or admitted.

Plaintiffs' reliance on *Missouri, K & T Ry. v. American Surety Co.,* 291 Mo. 92, 236 S.W. 657, 663–64 (1921) (a suit for enforcement of a bond of indemnity), and *South Side Realty Co. v. Hamblin, supra,* is misplaced. In the latter case the 10-year statute was held applicable to an exclusive listing contract with plaintiff-real estate broker, on which the action for unpaid commissions was based. The court found that the fair inference of such an exclusive listing contract was a promise to pay the commissions on the sale of the property. These cases are clearly distinguishable from the case at bar. In applying the 10-year statute the Missouri courts emphasized they were dealing with actions brought to enforce the written promise in the contract to pay money. The obligation to pay a fixed sum was made absolute in the contract and in each case the suit was to *enforce* the contract terms rather than to establish damages by reason of an alleged breach. The fact that extrinsic evidence was needed to show performance and nonpayment of the agreement did not alter the contractual obligation to pay. *See Missouri, K & T Ry. v. American Surety Co., supra,* at 663. In the instant case, extrinsic facts are necessary to establish the alleged breach of the terms of the contract rather than a mere noncompliance with the contractual promise to pay.

Since this action is based on the breach of contract and there is no written promise to pay money or property within the meaning that phrase has been given by the Missouri courts, the plaintiffs' action is barred by § 516.120—the five-year statute of limitations.

We affirm the judgment of the district court for defendant on both the plaintiffs' claim and on defendant's counter-claim.