Beatrice GRAFFIGNA, et al.,
Plaintiffs-Appellants,

v.

WIRE ROPE CORPORATION OF
AMERICA, INC.,
Defendant-Respondent.

No. 47538.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 17, 1984.

Morton L. Schwartz, St. Louis, for plaintiffs-appellants.

Donald F. Bayer, Kansas City, for defendant-respondent.

CRIST, Presiding Judge.

Lessors appeal summary judgment for respondent (lessee). We affirm.

Lessors and lessee did business under a real estate lease executed on June 15, 1952 and terminating on June 30, 1972. Lessors, in their second amended petition, allege breach of an obligation contained in lessee's letter of September 8, 1972 to repair the leased premises.

On March 7, 1983, lessee filed a motion for summary judgment alleging lessors' petition was barred by § 516.120 RSMo 1978, requiring all actions on contracts or obligations to be brought within five years. In response, lessors contend their cause of action is based on lessee's promise in the letter of September 8, 1972, to pay money or property. Lessors assert the applicable statute of limitations is ten years, and therefore their claim is not barred. § 516.-110 RSMo 1978.

Lessors base their claim solely on the September 8, 1972 letter from the lessee. In this letter, lessee agreed to make certain repairs to the leased premises. The final sentence of the letter stated, "We trust this will fulfill our obligation to you and should be fair to both parties." Lessee's uncontradicted affidavit filed with his motion for summary judgment states that this letter was merely a proposal to settle differences with the lessors, and not a promise to pay money or property. Lessee's affidavit further states that at no time was an agreement reached whereby lessee promised to pay money or property to the lessors. Lessors failed to file any counter-affidavits. As a result, the facts contained in lessee's affidavit are deemed to have been admitted. *Seliga Shoe Stores, Inc. v. City of Maplewood*, 558 S.W.2d 328, 332–33 (Mo. App.1977); Rule 74.04(e).

The letter of September 8, 1972 was not a writing for the payment of money or property. Therefore, the five year statute of limitations barred lessors' action. § 516.120 RSMo 1978. *See, Bangert v.*

*Boise Cascade Corp.*, 527 F.2d 902 (8th Cir.1972).

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.