**Andre J. OBERLE, Jr., and Lillian B. Oberle, Respondents,**

v.

**Robert L. MONIA and Patricia A. Monia, Appellants.**

No. 48645.

Missouri Court of Appeals, Eastern District, Southern Division.

May 7, 1985.

Albert A. Michenfelder, Clayton, for appellants.

Thomas Arthur Ludwig, Jackson, for respondents.

CRANDALL, Judge.

Defendants appeal from a judgment in favor of plaintiffs ordering specific performance of a contract for the sale of land and the granting of two easements. Defendants appeal claiming: (1) plaintiffs' cause of action was barred under the theory of res judicata, (2) plaintiffs' cause of action was barred by the statute of limitations, and (3) the court erred in granting a prescriptive easement from a tract of land to a highway. We affirm in part and reverse in part.

A prior action involving the same parties was the subject of an earlier opinion of this court. *Monia v. Oberle*, 530 S.W.2d 452 (Mo.App.1976). We shall refer to that decision as *Monia I* throughout this opinion and to the present litigation as *Monia II.*

Monias [1] purchased a tract of land in Ste. Genevieve County in 1972. Shortly thereafter, Mr. Monia and Mr. Oberle began discussing the purchase of a portion of this tract by Oberles. An agreement was reached, and the parties signed this handwritten contract:

I, Robert L. Monia and wife Patricia Ann Monia, referred to as seller, do hereby sell to Andre Oberle Jr. and wife, Lillian Oberle, referred to as buyer, Two parcels of property. Description as follows, and as noted on attached copy, and as referred to as parcel number one, and parcel number two, both located in what was known as the Lizzie Wipfler estate.

Parcel number one consisting of ten acres, with house, barn, and other out buildings included. Price for this tract to be $13,000.00 Thirteen Thousand Dollars. Approximate location of property line noted as per attached areal [sic] photo.

Parcel number two consisting of approximately fifteen acres more or less, to be

---

1. Throughout this opinion we refer to the parties by name rather than using "plaintiffs" or "defendants" because the parties were in opposite roles in the previous litigation.

determined by survey. Approximate location as noted on attached copy. Price for parcel number two is to be $500.00 Five Hundred dollars per acre.

I do hereby grant to buyer, the right of ingress and egress too [sic] parcel number two from parcel number one, this to be in the form of a road, location to be determined by both seller and buyer. This road may be relocated from time to time, but not to the expense of buyer. Possession given to buyer on December 31/72. Buyer also assumes liability for taxes for the year 1973, buildings, and insurance on property.

Payments received toward total purchase price has been $19,000.00 Nineteen Thousand Dollars.

This paper to serve as legal document until balance of payment, and warranty deed is given. This is to be completed by January 31/74. Additional agreement to be made concerning sharing of balance of approximately Seventy acres of tract.

Oberles recorded this contract with the Recorder of Deeds and took possession of the ten- and fifteen-acre tracts known as Parcels 1 and 2. However, Monias have never conveyed the deed to those tracts.

In 1974 Monias brought suit to remove a cloud on the title to their property, the cloud being the recorded contract. Monias alleged the contract was not properly acknowledged and therefore should be removed from the land records.

The Oberles answered the petition and counterclaimed for specific performance. The counterclaim alleged that the part of the agreement calling for the parties to share a seventy-acre tract had not been carried out. Oberles also claimed Monias had not tendered a deed for Parcels 1 and 2 which Oberles purchased from Monias. The counterclaim prayed for specific performance to require Monias, inter alia, to deliver deeds for Parcels 1 and 2, to deliver a deed for one-half of the seventy-acre tract, to grant a right-of-way from a high-

way to Oberles' land and full right of ingress and egress to the land.

The trial court found against Monias on Monias' claim to remove the cloud on the title in favor of Oberles on Oberles' counterclaim for specific performance. This court reversed and ordered judgment entered for Monias on Monias' action to remove the contract and on Oberles' counterclaim for specific performance. *Monia I.*

In *Monia II,* Oberles filed a petition for specific performance and damages. Oberles alleged a deed tendered for the two smaller tracts was unacceptable because the legal description of the ten-acre parcel was contrary to the contract because it did not refer to easements. The petition asked that Monias be ordered to deliver a deed to Oberle and that easements be granted. Monias counterclaimed in the second litigation for certain damages and for ejectment. The trial court ruled in favor of Oberles, granting specific performance of the contract regarding Parcels 1 and 2 and an easement between them, and granted Oberles an easement by prescription from Parcel 1 to a highway.

Monias first claim Oberles were barred from bringing an action for specific performance of the contract under the principles of res judicata. Res judicata has developed into two classifications, traditional res judicata and collateral estoppel. *Peoples Home Life Ins. Co. v. Haake,* 604 S.W.2d 1, 7 (Mo.App.1980). Monias' brief seems to argue both traditional res judicata, which precludes the same parties from relitigating the same cause of action, as well as collateral estoppel, which precludes relitigation of issues previously adjudicated. *Oates v. Safeco Ins. Co. of America,* 583 S.W.2d 713, 719 (Mo. banc 1979).

■ In order for a party to be barred under traditional res judicata, the cause of action in the new litigation must be identical to the earlier cause of action. *Peoples-Home Life Ins. Co. v. Haake,* 604 S.W.2d at 7.

The opinion in *Monia I* was narrowly focused. It reversed the lower court and held that the contract should be stricken from the records. The only other issue this court dealt with was the validity of the final item in the agreement regarding the seventy acres. We held this provision to be unenforceable. There was no specific discussion of the portion of Oberles' counterclaim dealing with Parcels 1 and 2, except for a statement that the contract was enforceable but for the provisions regarding the seventy acres.

It is clear our decision in *Monia I* did not address the issue of Parcels 1 and 2. The parties had not raised it on appeal. Monias' appellate brief in *Monia I* stated:

> Appellants wish to make it clear that they are not contending that respondents are not entitled to receive the 10 and 15-acre tracts specifically called for in the January 29, 1973 contract between the parties, which parcels have been paid for by defendants.
>
> \* \* \* \* \* \*
>
> The appellants are willing, and in fact, desire, to perform that part of the contract calling for the conveyance of the 10 and 15-acre tracts to respondents and believe that this portion of the contract should be ordered performed.

Monias now attempt to assert that *Monia I* held the entire contract was unenforceable. That is clearly not the case in light of the language in the opinion. Also, "[a] judgment is not generally a bar under the doctrine of *res judicata* to the further prosecution of claims or demands which were excluded by the court, and, therefore, were no part of the verdict and judgment." *Hart-Bartlett-Sturtevant Grain Co. v. Aetna Ins. Co.*, 365 Mo. 1134, 293 S.W.2d 913, 929 (1956), *cert. denied*, 352 U.S. 1016, 77 S.Ct. 562, 1 L.Ed.2d 548 (1957). *See also* 50 C.J.S. *Judgments* §§ 658, 659, at 104–105 (1947).

Here the *Monia I* decision excluded consideration of the claim for specific perform-ance regarding Parcels 1 and 2. The trial court in *Monia II* found that "it was the intent of the Court in the case of Monia v. Oberle and the intent of Monias in that case that the issue of the contract ... itself was not in question, except the clause 'Additional agreement to be made concerning sharing of balance of approximately seventy acres of tract.'" Oberles' cause of action in *Monia II* was not identical to that in *Monia I* since in *Monia II* the action related only to Parcels 1 and 2. We cannot say the trial court erroneously declared or applied the law in its interpretation of *Monia I*. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

 Regarding collateral estoppel, the rule is that an issue cannot be relitigated if it was "unambiguously decided in the earlier case." *Owens v. Government Employees Ins. Co.*, 643 S.W.2d 308, 310 (Mo.App. 1982). As can be seen from the preceding discussion, the specific issue of Parcels 1 and 2 was not dealt with in *Monia I*. We therefore hold that Oberles are not barred under res judicata from pursuing their counterclaim relating to Parcels 1 and 2 and the connecting easement between the parcels.

Monias next claim Oberles were barred by a five-year statute of limitations from bringing the present action, which was filed on January 5, 1981. Monias contend the applicable statute is § 516.120(1), RSMo (1978), which in pertinent part states:

> Within five years:
>
> (1) All actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110
>
> . . . .

It is § 516.110, RSMo (1978) which the Oberles contend applies here. That section states:

> Within ten years:
>
> (1) An action upon any writing, whether sealed or unsealed, for the payment of money or property....

Because § 516.120 only applies when § 516.110 does not, we first look to § 516.-

110. "Section 516.110, RSMo 1978 applies only in instances in which an express written obligation provides for the payment of money or the delivery of property and that the money or property sued for is that money or property promised by the language of the writing." *Lato v. Concord Homes, Inc.,* 659 S.W.2d 593, 594 (Mo.App. 1983). In *Lato* this court held § 516.110 did not apply because the action was not one "to enforce compliance with the terms of the contract."

In *Silton v. Kansas City,* 446 S.W.2d 129, 132 (Mo.1969), the court stated the general rule: "The promise must be contained within the writing and may not be shown by extrinsic evidence or consist of an obligation imposed by law from the facts." The court distinguished between actions for breach of contract and actions for enforcement of the contract, implying § 516.110 would apply in an action for enforcement. *See also Bangert v. Boise Cascade Corp.,* 527 F.2d 902 (8th Cir.1976).

■ In the present case there is an express obligation to transfer the deed for the two parcels and to grant the easement between them. No extrinsic evidence is needed to prove this obligation. The action is not one for breach of contract. It is for enforcement of the contract. Therefore, § 516.110 applies. Oberles had ten years to bring this action and thus were not barred. Monias' second point is denied.

Monias' final point alleges error in the granting of an easement by prescription to Oberles from Parcel 1 to a highway. The trial court found that Oberles had used a road to the highway over Monias' property for ten years, and that the use was open, notorious and adverse to the rights of Monias.

"Establishment of a prescriptive easement must contain the following requirements: *use* of property for a ten-year period; *use* must be adverse; *use* must be under claim of right and there must be notice to owner, notice being open, visible, continuous and uninterrupted." *Lacy v. Schmitz,* 639 S.W.2d 96, 99 n. 2 (Mo.App. 1982).

Proof of open, notorious, continuous, and uninterrupted use for the requisite ten year period, in the absence of evidence to explain how the use began, raises a presumption that the use was adverse and under a claim of right, thereby casting upon the owner of the servient estate the burden of showing that the use was permissive and by virtue of some license, indulgence or agreement inconsistent with the claim of right.

*McIlroy v. Hamilton,* 539 S.W.2d 669, 673–74 (Mo.App.1976). The permission does not have to be specifically stated. *Id.*

In the present case, the evidence shows Oberles' use was permissive. While, just as in *McIlroy,* there was no evidence of Monias specifically giving Oberles permission to use the road, Mr. Monia had stated it was his understanding Oberles would be using it and that he had no problem with them using it. There was testimony it was the only way to get to the property, supporting the theory that the parties intended Oberles to have permission to use the road. Oberles presented no evidence to the contrary. Thus, the presumption of adverse use does not arise.

■ It is also the rule "that a use originally permissive cannot ripen into an easement." *Kammerer v. Cella,* 585 S.W.2d 552, 555 (Mo.App.1979). "However, a distinct and positive assertion of a right hostile to the owner and brought home to him can give rise to an adverse use, which may change the nature of a permissive use." *Kammerer v. Cella,* 585 S.W.2d at 555. There is no evidence in the record of a change in use from permissive to adverse; therefore, Oberles are not entitled to a prescriptive easement.

The portion of the judgment of the trial court granting Oberles specific performance of the contract is affirmed, and the portion granting Oberles a prescriptive

easement from Parcel 1 to the highway is reversed. In that regard the trial court ordered Oberles to pay Monias $750 for the work done on that road. In view of our holding, that portion of the judgment is also reversed.

DOWD, P.J., and CRIST, J., concur.

