**Laura J. HARRIS, Plaintiff-Appellant,**

v.

**Robert C. NICHOLS, et al., Defendants-Respondents.**

**No. WD 37356.**

Missouri Court of Appeals, Western District.

May 13, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 26, 1986.

Application to Transfer Denied Sept. 16, 1986.

James S. Formby, Kenneth L. Gottschall, Kansas City, Missouri for plaintiff-appellant.

Frank P. Sebree, Dennis R. Dow, Shook, Hardy & Bacon, Kansas City, Missouri for defendants-respondents.

Before LOWENSTEIN, P.J., and TURNAGE and BERREY, JJ.

TURNAGE, Judge.

Laura Harris brought suit against Robert Nichols and Geraldine Nichols, Bob Wood and Associates and James B. Nutter & Co. for the reformation of a deed in one count and in two other counts sought damages for breach of contract and fraud. The court reformed the deed to include Laura's name as a grantee so that the title was conveyed to Laura and her husband as tenants by the entirety. The husband was deceased at the time Laura filed her suit. No question is raised concerning the entry of judgment reforming the deed.

The court entered summary judgment against Laura on her claims for breach of contract and fraud. Affirmed.

Laura alleged that she and her husband purchased a house from the Nichols and that Wood was the real estate agent representing the Nichols. Laura and her husband obtained a loan to finance the purchase from Nutter. The purchase of the house by Laura and her husband was closed on February 22, 1971. Laura's husband, James, died on September 19, 1971. In January of 1972 papers concerning the sale, including the warranty deed, were mailed to Laura. Laura admitted receiving the papers but stated that she did not open the envelope but simply placed it in a box in her home for safekeeping.

In 1977 Laura entered a contract to sell the house. She obtained a title report dated December 21, 1977 and for the first time obtained actual knowledge that the house had been conveyed to James Harris, a married man, and that her name was not on the

deed. As a result title was vested in Laura and her minor daughter as tenants in common.

The petition was originally filed in November of 1978.[1] After the entry of judgment for reformation to show the grantees as "James E. Harris and Laura J. Harris husband and wife," the court granted leave to Laura to file an amended petition. Laura alleged in Count II breach of contract by Wood, Nutter and Nichols in that they breached their duty to make sure the property was conveyed to her and her husband and added a third count that Wood, Nutter, and Nichols had fraudulently concealed from Laura the fact that the deed named only James as the grantee.

Thereafter Nichols, Wood, and Nutter filed motions for summary judgment on Counts II and III on the ground the action was barred by the Statute of Limitations. Upon the court sustaining these motions, judgment was entered in favor of all defendants on Counts II and III.

Laura first contends summary judgment should not have been entered because no evidence was presented to support such judgment. No authority is cited for the proposition that evidence is required to support summary judgment. Rule 74.04(b) allows a party against whom a claim is asserted to file a motion for summary judgment with or without supporting affidavits. Subsection (c) allows the court to base a judgment on the pleadings, depositions, and admissions on file. Laura does not point to any dispute in the facts which would preclude summary judgment. Since the rule allows the court to consider a motion for summary judgment based on the pleadings, depositions and admissions on file there was no error in the court failing to hold an evidentiary hearing prior to the grant of summary judgment.

Nichols, Wood and Nutter asserted a defense based upon the five year Statute of

---

1. That petition was in two counts. The first count sought reformation and the second sought damages for failure to name her as a grantee. All defendants were named in both counts, but Laura's minor daughter was named as a defendant only in Count I.

Limitations contained in § 516.120, RSMo 1978.[2] That section requires actions upon contracts and an action for relief on the ground of fraud to be brought within five years. The defendants contend that since the deed was delivered on February 22, 1971 the five year statute ran on February 22, 1976 and suit was not filed until November of 1978.

This case is made more complicated by the fact that the petition contained allegations against all of the defendants in all counts, including the count for reformation of deed, without in any way distinguishing between those parties who would be proper defendants in the reformation count and those that were proper in the contract and fraud counts.

■ Only those persons having an interest in the real estate and who would be affected by a decree reforming the deed would be proper parties to that count. 76 C.J.S. *Reformation of Instruments,* § 70(b) (1952). It has been held by this court that the grantors in a deed who have conveyed their whole title and interest in the property are not necessary parties to a reformation suit. *Shaffer v. Dalrymple,* 507 S.W.2d 65, 70 (Mo.App.1974). The result is that the only proper parties to the count for reformation were Laura and her minor daughter whose interest would be affected by the reformation of the deed. Wood and Nutter had no interest in the property because Wood was simply the real estate agent and Nutter's note and deed of trust was satisfied by life insurance upon the death of James. Unfortunately the defendants failed to raise this question and allowed the pleadings to go unchallenged on that point even though the petition did not state a cause of action against Nichols, Wood and Nutter on the reformation count.

■ Section 516.100 states that the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and can be ascertained. On the contract count Laura contends the damage from the failure of the deed to name her as a grantee did not result until she tried to sell the house and discovered in December of 1977 that her name was not on the deed. The law is contrary to Laura's contention. In *Stafford v. Muster,* 582 S.W.2d 670, 680[21, 22] (Mo. banc 1979), the court held that the time begins to run under the Statute of Limitations after the right to prosecute a claim to a successful conclusion has accrued.

If Laura could not have filed suit and prosecuted it to a successful conclusion on the delivery of deed in February of 1971, she certainly could have after the death of James in September of 1971. Thus, her cause of action accrued at the latest in September of 1971. Suit was not filed until November of 1978. It is clear the contract cause of action is barred by the Statute of Limitations.

■ Laura contends she did not discover the alleged fraud of Wood and Nutter in concealing the omission of her name from the deed until December of 1977. Laura admitted that she received the warranty deed in the mail in January of 1972. It is beyond question that if Laura had opened the envelope and looked at the deed she could have discovered that her name was omitted. In *Harding v. Modern Income Life Ins. Co.,* 593 S.W.2d 568, 573 (Mo.App. 1979), this court held that if a party has means of discovery in his power, he will be held to have known of the fraud. Section 516.120(5) provides that the cause of action for fraud is not deemed to have accrued until discovery by the aggrieved party at any time within ten years of the fraud. Here Laura had the means of discovery in her power in January of 1972 and under *Harding* she is deemed to have known of the fraud at that time. The suit was not filed until November of 1978, more than five years after she is deemed to have had

2. The Nichols and Wood did not file separate briefs on appeal but instead filed motions for leave to concur in the brief filed by Nutter.

knowledge. There are exceptions to the rule stated in *Harding*, but none of them apply in this case.

■ Laura further contends that the defense of the Statute of Limitations had been raised before the entry of judgment for the reformation of the deed and by that judgment, which was after a separate trial and prior to the entry of judgment on Counts II and III, the court necessarily found against the limitations defense. This is totally erroneous in view of the fact that none of the parties to Counts II and III were proper parties to the reformation count. Thus, the judgment for reformation did not determine the defenses to Counts II and III raised by the defendants.

■ Laura further contends that the Statute of Limitations in § 516.120 is inapplicable and the proper Statute of Limitations is § 516.110(1). That section allows any action upon a writing for the payment of money or property to be brought within ten years. To constitute a promise to pay money within that section, the writing must contain a promise to pay money and such promise must arise from the writing itself. *Barberi v. University City*, 518 S.W.2d 457, 458[2] (Mo.App.1975). The action brought by Laura was not based on a promise to pay money but was simply an action for a breach of contract and fraud. The five year limitation in § 516.120 is applicable to the claims asserted.

■ Laura finally contends the court erred in assessing court costs on Count I for the reformation of deed against her. The costs included the fee of the guardian ad litem for the minor daughter. She contends that as the prevailing party the costs should have been assessed against the defendants. Laura overlooks the fact that she failed to designate the proper parties in Count I. As discussed above the only proper parties to that count were Laura and her minor daughter. In assessing the costs the court therefore had only those two parties against whom the costs could have been assessed. That count was in equity and the assessment of costs was a matter with-

in the discretion of the court. *Brewster v. Terry*, 180 S.W.2d 600, 603[8] (Mo.1944). Given the facts here the court correctly exercised its discretion.

The judgment is affirmed.

All concur.