**HAMPTON FOODS, INC.,**
**Plaintiff/Appellant,**

v.

**WETTERAU FINANCE COMPANY,**
**et al., Defendants/Respondents.**

No. 60059.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 28, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 3, 1992.

Application to Transfer Denied
July 21, 1992.

John A. Walsh, Jr., St. Louis, for plaintiff, appellant.

Kenneth A. Slavens, Steven Asher, Thomas J. Plunkert, St. Louis, for defendants, respondents.

GRIMM, Presiding Judge.

This case involves an action for breach of contract. The defendants' motions to dismiss, alleging the action was barred by statute of limitations § 516.120(1),* were sustained. Plaintiff appeals; we affirm.

Plaintiff raises three closely related points on appeal: (1) the trial court erred in applying § 516.120's five-year statute of limitations for contract actions instead of § 516.110's ten-year period for actions "upon any writing ... for the payment of money or property"; (2) if Missouri courts have previously interpreted § 516.110's ten-year statute of limitations to apply only when the contract obligation sued upon in the writing is a duty to transfer money or property which the writing requires, such an interpretation is erroneous; and (3) if Missouri courts have been correct in their interpretation of § 516.110 and § 516.120

"then ... [§ 516.110] violates the ... United States Constitution ... and the ... Missouri [Constitution] ... in depriving plaintiff-appellant of property without due process of law [because § 516.110] is unconstitutionally vague and misleading."

### I. Background

This action involves property, including a building, located at 5418 Hampton in St. Louis. In 1960, the Shrifins, owners of the property, leased it to The Great Atlantic and Pacific Tea Company (A & P); with options, A & P could lease the property until September 30, 1985.

In 1977, A & P assigned the lease to Wetterau Incorporated. That same year, Wetterau sublet the property to Parkview–Hampton, Inc.; the assignment was to expire September 30, 1985.

In 1978, Parkview–Hampton transferred the lease to Donald and Joyce Hipps; the Hipps then transferred the lease to plaintiff Hampton Foods, Inc.

On June 11, 1990, plaintiff filed its petition against the Shrifins as owners of the building and Wetterau as an assignee of the lease from A & P. The petition alleges that the original lease required A & P to keep the interior parts of the building in good repair, except repairs required by fire, the elements, etc., which were the obligation of the Shrifins.

When A & P assigned the lease to Wetterau, Wetterau assumed A & P's obligations. The petition alleges that in June, 1980, "the structural integrity of a part of the leased building was disrupted, resulting in the need for plaintiff's business to temporarily quit the said building until such time as repairs be performed, as covenanted and agreed." Wetterau did not make the repairs, but instead permitted the Shrifins to demolish the building. Such action, plaintiff alleges, "intentionally deprived plaintiff of said leasehold interest" to its damage. As a result of the "breach of the covenants," plaintiff claimed damages of $600,000.

In their motions to dismiss, defendants raised the five-year statute of limitations

* All statutory references are to RSMo 1986.

as a defense. Because the events giving rise to the petition occurred in 1980, and the petition was not filed until 1990, defendants claimed the action was barred.

## II. Constitutionality of § 516.110

Plaintiff raises the constitutionality of § 516.110. It claims the statute is void for vagueness. As a result, we must first determine our jurisdiction in this matter.

Our supreme court has exclusive jurisdiction over challenges to a statute's validity involving real and substantial constitutional questions; however, this court may dispose of colorable claims. *Kansas City Star Co. v. Shields,* 771 S.W.2d 101, 103 (Mo.App.W.D.1989). Substantial questions are those involving

a contested matter of right, involving some fair doubt and reasonable room for controversy; but, if such preliminary inquiry discloses that the contention is so obviously unsubstantial and insufficient, either in fact or in law, as to be plainly without merit and a mere pretense, the claim may be deemed to be merely colorable.

*Id.* (quoting *State v. Egan,* 272 S.W.2d 719, 725 (Mo.App.S.D.1954)). However, "a real and substantial constitutional question is not raised when the Supreme Court has once determined the question." *Connors v. Leachman,* 740 S.W.2d 376, 377 (Mo. App.E.D.1987).

Plaintiff does not cite any case, nor have we found any, holding a statute of limitations void for vagueness. Generally, the "void for vagueness" doctrine applies to criminal statutes, but the doctrine may also apply to civil statutes. *Jones v. City of Lubbock,* 727 F.2d 364, 373 (5th Cir.1984). The civil statutes to which the doctrine applies, however, generally involve penalties to an individual, such as deportation or termination of public employment. *See* 1 Antieau, Modern Constitutional Law § 5:4 (1969).

As a constitutional due process violation, vagueness takes two forms. "One is the lack of notice given a potential offender because the statute is so unclear that 'men of common intelligence must necessarily guess at its meaning.' (citations

omitted). The second is that the vagueness doctrine assures that guidance, through explicit standards, will be afforded to those who must apply the statute, avoiding possible arbitrary and discriminatory application." *State v. Young,* 695 S.W.2d 882, 884 (Mo.banc 1985). No basis exists for analyzing §§ 516.110 and 516.120 under either form.

In the case before us, if plaintiff was unable to determine the applicability of the five and ten-year statute of limitations in §§ 516.110 and 516.120 from a reading of the statute, Missouri courts have long supplied ample guidance. For example, in 1916, our supreme court said:

In order to bring an "action upon any writing for the payment of money or property," it must appear in the statement of the cause of action that the money or property sued for is promised to be paid or given by the language of the writing, and that such promise does not arise only upon proof of extrinsic facts. That nothing else meets the requirements of the statute has been uniformly held whenever it has been under review.

*Parker–Washington Co. v. Dennison,* 267 Mo. 199, 183 S.W. 1041, 1042 (Mo.1916).

In *Silton v. Kansas City,* 446 S.W.2d 129, 132 (Mo.Div. 2 1969), as here, an action for breach of contract was before the supreme court. The court said:

The cases cited uniformly hold that an action for damages for breach of contract is governed by the five-year statute and where the obligation to pay is contingent upon proof of extrinsic facts is not such a written promise as it is contemplated by Section 516.110(1), RSMo 1959.

Plaintiff, in its brief, acknowledges it does not seek the payment of the money "specified to be paid by the writing." Rather, it "seeks instead damages for the breach of another term of the contract."

Clearly, plaintiff's claim is governed by the five-year statute of limitations instead of the ten-year statute. For

in order to invoke the ten-year statute it must appear that the money sued for is promised by the language of the writing. The promise must be contained within

the writing and may not be shown by extrinsic evidence or consist of an obligation imposed by law from the facts. In [*Sam Kraus Co. v. State Highway Comm'n*, 416 S.W.2d 639 (Mo.Div. 1 1967)], we held that the plaintiff was suing for breach of contract and the five-year statute was therefore applicable. The same is true in this case.

*Silton*, 446 S.W.2d at 132.

In sum, all three of plaintiff's points necessarily fail in light of the case law establishing § 516.120 as the applicable statute of limitations. Responding to plaintiff's three points in order, (1) we hold the trial court correctly applied § 516.120 to plaintiff's claim in accordance with well-settled Missouri law; (2) we are obligated to follow our supreme court's opinions, *Silton, supra, Sam Kraus Co., supra,* in concluding that Missouri courts have correctly interpreted §§ 516.110 and 516.120; and, (3) for the reasons previously stated, we find that § 516.110 is not void for vagueness or otherwise violative of the due process protections.

The trial court's judgment is affirmed.

CRANDALL and SIMON, JJ., concur.