**Lucille FOGERTY, Appellant,**

v.

**METROPOLITAN LIFE INSURANCE CO., Appellee.**

No. 87–2131.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1988.

Decided June 27, 1988.

Sidney Fortus, Clayton, Mo., for appellant.

Joseph Trovato, New York City, for appellee.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Lucille Fogerty appeals from a final order entered in the District Court[1] for the Eastern District of Missouri dismissing her complaint against Metropolitan Life Insurance Co. on the ground that her claim for disability benefits is barred by the statute of limitations. *Fogerty v. Metropolitan Life Insurance Co.,* 666 F.Supp. 167 (E.D. Mo.1987). For reversal plaintiff argues that the district court erred in applying Missouri's five-year statute of limitations for actions for breach of contract, Mo.Rev. Stat. § 516.120(1) (1978), rather than the ten-year statute of limitations for actions upon a contract in writing for the payment of money, *id.* § 516.110(1). For the reasons discussed below, we affirm the judgment of the district court.

Plaintiff was employed by General Electric Co. from 1963 until October 8, 1977. She was a participant in General Electric's employee benefit plan. The plan is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* The plan pays benefits to employees disabled by sickness or accident. Defendant is the insurer of the plan. Pursuant to this plan, General Electric withheld insurance premiums from her wages for payment to defendant. Plaintiff alleged that she became totally and permanently disabled on October 8, 1976. She received disability benefits pursuant to the plan from October 8, 1976, until December 21, 1976. On January 7, 1977, defendant notified plaintiff by letter that defendant had determined, after an investigation, that plaintiff was not totally disabled and thus no longer entitled to disability benefits.

Plaintiff alleged that she has been totally and permanently disabled since October 1976 and that defendant wrongfully refused to pay her disability benefits. However, plaintiff did not file this action against defendant seeking to recover disability benefits until November 1986, more than nine years after defendant stopped making disability payments.[2] Defendant

---

1. The Honorable James H. Meredith, United States Senior District Judge for the Eastern District of Missouri.

2. The complaint was initially filed in state court, but it was removed to federal court by defendant. *See Metropolitan Life Ins. Co. v. Taylor,* — U.S. —, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (removal); *see also Pilot Life Ins. Co. v. Dedeaux,* — U.S. —, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (ERISA pre-empts state common law causes of action asserting improper processing of a claim for benefits under employee benefit plan regulated by ERISA).

then moved to dismiss on the ground that plaintiff's claim was barred by the five-year statute of limitations for actions for breach of contract. Plaintiff argued that her complaint was timely filed because the applicable statute of limitations is the ten-year period for actions upon a contract in writing for the payment of money. The district court decided that the most analogous state limitations statute was the five-year statute of limitations for actions for breach of contract and held that the action was barred by the five-year statute of limitations. 666 F.Supp. at 169.

 This is an employee action for recovery of benefits under an employee benefits plan regulated by ERISA brought pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Because ERISA does not contain a statute of limitations applicable to § 502(a)(1)(B) actions, we must refer to state law and apply the most analogous state statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1985) (42 U.S.C. § 1983 actions). The characterization of a federal claim for state statute of limitations purposes is a question of federal law. *See UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 706, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966). We hold that an employee action for recovery of benefits under an employee benefits plan regulated by ERISA brought pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), is "most analogous" to an action for breach of contract for statute of limitations purposes. *See Dameron v. Sinai Hospital of Baltimore, Inc.*, 815 F.2d 975, 981 (4th Cir.1987), *aff'g in part and rev'g in part* 595 F.Supp. 1404, 1413 (D.Md.1984); *Jenkins v. Local 705 International Brotherhood of Teamsters Pension Plan*, 713 F.2d 247, 253 (7th Cir.1983). *Cf. Robbins v. Iowa Road Builders Co.*, 828 F.2d 1348, 1353–54 (8th Cir.1987) (trustee action under ERISA to collect delinquent employer contributions characterized for statute of limitations purposes as action for breach of written contract), *cert. denied,* ___ U.S. ___, 108 S.Ct. 2914, 101 L.Ed.2d 945 (1988). An employee action to recover benefits under ERISA is based on a contract, the employee benefit plan, and allegations involving breach of that contract. *See Jenkins v. Local 705 International Brotherhood of Teamsters Pension Plan*, 713 F.2d at 252–53.

An action upon a contract in writing for the payment of money is not the "most analogous" state action. Under Missouri law, an action upon a contract in writing for the payment of money is essentially an action for enforcement of a promise for the payment of money. "[T]he writing must be not only for the payment of money, but also must contain a *'promise to pay money.'*" *Superintendent of Insurance v. Livestock Market Insurance Agency*, 709 S.W.2d 897, 900 (Mo.Ct.App.1986), *citing Martin v. Potashnick*, 358 Mo. 833, 217 S.W.2d 379, 381 (1949). "[T]he essence of a promise to pay money is that it is an acknowledgement of an indebtedness, an admission of a debt due and unpaid." *Martin v. Potashnick*, 217 S.W.2d at 381. "'[T]he money sued for' must be that money promised by the language of the writing without resort to extrinsic proofs...." *Superintendent of Insurance v. Livestock Market Insurance Agency*, 709 S.W.2d at 902 (citations omitted); *see also Silton v. Kansas City*, 446 S.W.2d 129, 132 (Mo. 1969); *Sam Kraus Co. v. State Highway Comm'n*, 416 S.W.2d 639, 641 (Mo.1967); *Lato v. Concord Homes, Inc.*, 659 S.W.2d 593, 594 (Mo.Ct.App.1983). In our view, an action upon a contract in writing for the payment of money is not similar to an action for the recovery of employee benefits under ERISA. The benefit plan does not contain a written acknowledgment of indebtedness. In addition, because payment of benefits is conditioned upon proof of disability, plaintiff would have to introduce extrinsic evidence to prove disability before she could recover any benefits.

In sum, the most analogous state statute of limitations is the five-year statute of limitations for breach of contract, Mo.Rev. Stat. § 516.120(1). Plaintiff's cause of action accrued on January 7, 1977, when defendant clearly notified plaintiff that she was no longer entitled to disability bene-

fits.[3] *See Jenkins v. Local 705 International Brotherhood of Teamsters Pension Plan,* 713 F.2d at 254; *Miles v. New York State Teamsters Conference Pension & Retirement Fund Employee Pension Benefit Plan,* 698 F.2d 593, 598 (2d Cir.), *cert. denied,* 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983). Because plaintiff did not file her complaint until November 1986, more than nine years later, her complaint was untimely filed.

Accordingly, the judgment of the district court is affirmed.

---

**3.** We note that plaintiff's cause of action may have accrued at a later date. *See Jenkins v. Local 705 Int'l Bhd. of Teamsters Pension Plan,* 713 F.2d 247, 254 (7th Cir.1983) (cause of action does not accrue until administrative remedies are exhausted); *Dameron v. Sinai Hosp. of Baltimore, Inc.,* 815 F.2d 975, 982 n. 7 (4th Cir.1987), *aff'g in part and rev'g in part* 595 F.Supp. 1404, 1414 (D.Md.1984) (cause of action does not ac-crue until initial decision is reconsidered and employee is notified of that decision). In the present case, however, the parties did not raise, and the district court did not discuss, exhaustion of administrative remedies or whether the January 1977 letter was notice to plaintiff of the initial eligibility determination or notice of that decision upon reconsideration.