**Diane Sue MASON, Appellant,**

v.

**AETNA LIFE INSURANCE COMPANY, Appellee.**

**No. 89–2468.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1990.

Decided April 12, 1990.

John K. Weilert, Independence, Mo., for appellant.

John W. Cowden, Kansas City, Mo., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Diane Sue Mason appeals from a final order entered in the District Court[1] for the Western District of Missouri granting summary judgment in favor of Aetna Life Insurance Company (Aetna) on the ground that Mason's action based on the termination of disability benefits is time barred. For the following reasons, we affirm the order of the district court.

Mason sustained a back injury in 1979 while employed by Amoco Oil (formerly Standard Oil). Beginning in June 1980, she received disability benefits under Amoco's insurance plan through Aetna, a plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461. In a letter dated December 8, 1982, Aetna advised Mason she was no longer medically eligible for disability benefits, which would be terminated effective January 1, 1983. The letter also stated that if Mason wanted a review of this determination,

> [w]ritten request for review must be mailed or delivered within 60 days following receipt of this explanation or such longer period as may be specified in your plan brochure or Summary Plan Description. Ordinarily, you will receive notification of the final determination within 60 days following receipt of your request. If special circumstances require an extension of time, you will be notified of such extension during the 60 days following receipt of your request.

On January 13, 1983, Mason submitted a review request, which Aetna acknowledged receiving in a letter dated January 26, 1983. In a letter to Mason dated June 20, 1983, Aetna reaffirmed its termination decision and again informed her, in language identical to that quoted above, of the review procedure available to her.

Mason failed to request further review within the 60–day period and did not contact Aetna again until 1986. Aetna subsequently reevaluated Mason's claim at her request after she supplied new medical evidence. Aetna sent Mason letters dated May 1, 1987, June 20, 1988, and July 7, 1988, indicating in the last letter it would further review her claims if she underwent a functional capacity evaluation. Instead, Mason filed this lawsuit on July 13, 1988.[2]

Aetna argued in its motion for summary judgment that Mason's cause of action accrued on May 18, 1983—120 days after Aetna alleges it received her review request[3]—or, at the latest, when Mason re-

---

1. The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

2. Mason testified at her deposition that she contacted an attorney regarding her disagreement with Aetna's June 1983 decision and gave him deposits for filing fees on two occasions between 1983 and 1988. Explaining her delay in filing the lawsuit, Mason stated she thought this attorney was representing her. She further stated she hired her present attorney in 1986.

3. Under ERISA regulations, a review procedure for claim denials must be made available. 29 C.F.R. § 2560.503–1(g). A decision on review must be made promptly—ordinarily within 60 days after receipt of a review request, or within 120 days if special cirumstances require a processing extension; if the written decision is not furnished to the claimant within the prescribed time, "the claim shall be deemed denied on review." *Id.* § 2560.503–1(h).

ceived the letter of June 20, 1983, reaffirming the initial decision. Thus, Aetna argued, Mason's lawsuit filed July 13, 1988, was barred by Missouri's 5–year statute of limitations for breach of contract, Mo.Rev. Stat. § 516.120, which this court applied to the denial of disability benefits under ERISA in *Fogerty v. Metropolitan Life Insurance Co.*, 850 F.2d 430, 432 (8th Cir. 1988).

Mason responded that it was disputed whether her administrative remedies were exhausted and that the statute of limitations had been tolled under Mo.Rev.Stat. § 516.280, because Aetna's "improper acts" prevented her from commencing an action. The alleged improper acts were that (1) Aetna failed to meet its strict fiduciary duty to inform Mason that a decision on review must be made no later than 120 days after Aetna's receipt of the review request and (2) Aetna misled Mason by overtly indicating that her request for review was still under administrative consideration as late as July 7, 1988.

Aetna replied that, even if it had a duty to inform Mason of the existence of a cause of action (which it denied), there was no evidence that Mason and her attorney were unaware of the right to sue and that in fact Mason had testified she twice gave her attorney filing fees. Aetna also argued that neither allegedly improper act was sufficient to toll the statute of limitations.

The district court found that Mason had exhausted her administrative remedies by requesting reconsideration of the initial adverse decision and waiting 120 days for a decision on review. *Mason v. Aetna Life Insurance Co.*, No. 88–0837–CV–W–8, slip op. at 6–7 (W.D.Mo. Aug. 8, 1989) (order). *See Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 144, 105 S.Ct. 3085, 3091, 87 L.Ed.2d 96 (1985). Observing that a cause of action under ERISA ordinarily accrues when benefits are denied, *see Dameron v. Sinai Hospital of Baltimore, Inc.*, 595 F.Supp. 1404, 1413 (D.Md.1984), *aff'd in part and rev'd in part*, 815 F.2d 975 (4th Cir.1987), the district court concluded that whether benefits were deemed denied as of May 18, or June 20, 1983, Mason's suit filed in July 1988 was untimely under the applicable 5–year statute of limitations. Slip op. at 5.

The district court also rejected Mason's arguments for tolling the statute. *Id.* at 7–11. First, the district court found there was no "improper act" with regard to notice because Aetna had informed Mason of the "ordinary" 60–day period for rendering a decision on review, there was no evidence that the 120–day "special circumstances" period applied, and Aetna had given Mason actual notice of its decision on review on June 20, 1983. Essentially, Aetna gave the proper notice; it simply failed to meet the deadline. In any event, Mason did not then request review during the 60 day period after June 20 which she was told was available to her. Second, the district court ruled that Aetna's eventual reconsideration of Mason's claim at her request cannot have hampered the filing of this lawsuit, where during the intervening three years Aetna had done nothing to suggest her claim was still under review, and Mason had twice given filing fees to her then-attorney. *Id.* at 11–12. The district court noted that informal reexamination is to be encouraged and will not renew a claimant's cause of action for statute of limitations purposes. *Id.* at 12, *citing Morgan v. Laborers Pension Trust Fund*, 433 F.Supp. 518, 525 (N.D.Cal.1977).

Upon careful review, we agree with the analysis of the district court that Mason's suit was untimely filed and no circumstances justified tolling the statute of limitations. Accordingly, we affirm the order of the district court. *See* 8th Cir.R. 14.

---

This section *permits* rather than *requires* a claimant to treat his or her claim as denied upon expiration of the 60– or 120–day period. *See Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144, 105 S.Ct. 3085, 3091, 87 L.Ed.2d 96 (1985); *Richardson v. Central States,*

*Southeast & Southwest Areas Pension Fund*, 645 F.2d 660, 664 (8th Cir.1981). We note that Aetna's subsequent issuance of a written decision on review indicates Aetna did not consider the matter closed at the end of 60 or 120 days.