735 F.Supp. 331 (1990)
Jo Ann JOHNSON, Plaintiff,
v.
STATE MUTUAL LIFE ASSURANCE CO. OF AMERICA, Defendant.
No. 89-1242C(1).
United States District Court, E.D. Missouri, E.D.
April 18, 1990.
Alan Cohen, St. Louis, Mo., for plaintiff.
John Emde, Armstrong, Teasdale, Schlafly, Davis & Dicus, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
Plaintiff brings this matter under the Employee Retirement Income Security Act, 29 U.S.C. § 1132 ("ERISA"). She alleges that defendant issued a life insurance policy to her now deceased husband through an employee benefit plan at Terminal Railroad Association, her husband's employer. Plaintiff claims that because her husband died from bodily injuries that he sustained through external, violent and accidental means, plaintiff is entitled, as the named beneficiary of the policy, to recover $88,000 under the terms of the policy.[1] To date, however, defendant has only paid plaintiff $44,000. This matter is now before the Court on defendant's motion to dismiss pursuant to Rule 12(c) Fed.R.Civ.P. or, in the alternative, for summary judgment.
Defendant argues that this action is barred by the applicable statute of limitations. The parties agree that this matter is appropriately brought under ERISA. Furthermore, the parties agree that, in actions *332 for the recovery of benefits under an employee benefit plan regulated by ERISA, this Court must look to state law for the most analogous statute of limitations. See Fogerty v. Metropolitan Life Ins. Co., 850 F.2d 430, 432 (8th Cir.1988). Likewise, the parties agree that the characterization of a federal claim for state statute of limitations purposes is a question of federal law. Id. Defendant argues, however, that Missouri's five-year statute of limitations for breach of contract actions, Mo.Rev.Stat. § 516.120(1), applies to this action and that because plaintiff's cause of action accrued on November 21, 1979, and plaintiff did not bring this action until May 19, 1989, plaintiff is barred from bringing suit. Plaintiff does not dispute that her cause of action accrued on November 21, 1979, and that the instant action was not filed until May 19, 1989. Plaintiff argues, however, that the most appropriate statute of limitations for the purposes of this case is the ten-year period applicable to actions on written contracts to pay money, Mo.Rev.Stat. § 516.110(1).
In Fogerty v. Metropolitan Life Ins. Co., 850 F.2d 430 (8th Cir.1988) (action for disability benefits under employee benefit plan governed by ERISA), the Eighth Circuit held that an employee action to recover benefits under ERISA was subject to Missouri's five-year statute of limitations for breach of contract rather than the ten-year statute for written contracts to pay money. The Fogerty court found that an employee benefit action under ERISA is based on a contract and involves allegations of breach of that contract. Id. at 432. The court noted that under Missouri law, an action upon a written contract for the payment of money `must contain a promise to pay money.' Id. quoting Superintendent of Ins. v. Livestock Market Ins. Agency, 709 S.W.2d 897, 900 (Mo.Ct.App.1986) (emphasis in original). The court added that under Missouri law, "an acknowledgement of an indebtedness, an admission of a debt due and unpaid" is essential to such a promise. Fogerty, 850 F.2d at 432 quoting Martin v. Potashnick, 358 Mo. 833, 217 S.W.2d 379, 381 (1949). Furthermore, the Eighth Circuit observed that state law requires that "the money sued for must be that money promised by the language of the writing without resort to extrinsic proofs." Fogerty, 850 F.2d at 432 quoting Superintendent of Ins. v. Livestock Market Ins. Agency, 709 S.W.2d at 902. The court reasoned that a benefit plan does not contain a written acknowledgment of indebtedness and that payment of benefits is conditioned upon proof of disability, which necessitates the introduction of extrinsic evidence to prove entitlement to benefits. Fogerty, 850 F.2d at 432. Thus, the Eighth Circuit held that an action upon a written contract for the payment of money is not the "most analogous" state action to an employee action to recover benefits under ERISA. Id. Rather, the court concluded, the most analogous state statute of limitations is the five-year statute of limitations for breach of contract, Mo.Rev.Stat. § 516.120(1). Id.
Notwithstanding the decision in Fogerty, plaintiff argues that because the case at bar involves a third-party beneficiary to a life insurance contract issued through an employee benefit plan, Missouri's statute of limitations for third-party beneficiary actions to enforce written obligations to pay money, § 516.110, should apply. Plaintiff argues that the life insurance policy in question is a written obligation to pay money under Missouri law. In addition, plaintiff cites Silton v. Kansas City, 446 S.W.2d 129 (Mo.1969) for the proposition that in cases involving third-party beneficiaries, where a writing contains a promise to pay money, § 516.110 applies, even though the precise sum due under the contract must be shown through extrinsic evidence.
Plaintiff's argument lacks merit. The presence of a third-party beneficiary in the case at bar does nothing to undermine the applicability of Fogerty's rationale to the instant case.[2] Clearly under Fogerty, the life insurance policy in question cannot be *333 viewed as a written contract for the payment of money. It does not contain a written acknowledgment of indebtedness. Nor can plaintiff prove her entitlement to the proceeds of the policy absent extrinsic proof  i.e., that her husband died from bodily injuries sustained through violent and accidental means.[3] Finally, the Missouri Supreme Court's decision in Silton is not helpful to plaintiff's assertions. The Silton court held that when a writing can be construed as a written promise to pay money, § 516.110(1) applies even though the precise sum to be paid is contingent and must be shown by extrinsic evidence. Silton, 446 S.W.2d at 131. The court maintained, however, that a plaintiff must first establish that a writing is, in fact, a promise to pay money. Id. at 132. The court reiterated that such a writing must include an acknowledgment of a debt and an admission that the debt is due and unpaid. Indeed, Silton explicitly states that when liability is contingent on the proof of extrinsic facts establishing the existence of the obligation as well as the amount of the loss, a promise to pay money does not exist. Id.
Accordingly, this Court finds that the most analogous state statute of limitations is the five-year statute of limitations for breach of contract, Mo.Rev.Stat. § 516.120(1), and that, because plaintiff brought her suit more than five years after said cause of action accrued, her claim is barred. Defendant's motion for summary judgment will be granted.
NOTES
[1] The insurance policy in question was for $44,000. If, however, the insured died as a result of injuries sustained through external, violent and accidental means, the beneficiary was entitled to $88,000.
[2] The Court notes that § 516.110 makes no specific mention of actions by third-party beneficiaries of written contracts for the payment of money. The statute refers only to "an action upon any writing ... for the payment of money or property." Mo.Rev.Stat. § 516.110(1).
[3] Indeed, the chief contention of defendant is that plaintiff's husband did not die as a result of injuries sustained through "accidental means".