

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2003

# Fontana v. Diversified Grp

Precedential or Non-Precedential: Non-Precedential

Docket 02-2337

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Fontana v. Diversified Grp" (2003). *2003 Decisions*. Paper 527.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/527

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-2337

———————

THOMAS J. FONTANA,
Appellant

v.

DIVERSIFIED GROUP ADMINISTRATORS, INC.;
PITTSBURGH LOGISTICS SYSTEMS, INC.
EMPLOYEE HEALTH AND WELFARE PLAN;
PITTSBURGH LOGISTICS SYSTEMS, INC.;
P.G.T. TRUCKNG INC.

———————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 01-cv-00967)
District Court Judge:  Honorable Donald E. Ziegler

———————

Submitted Under Third Circuit LAR 34.1(a)
May 13, 2003

Before:  RENDELL, SMITH and ALDISERT, Circuit Judges.

(Filed May 28, 2003)

———————

OPINION OF THE COURT

———————

RENDELL, Circuit Judge.

Thomas Fontana sued Diversified Group Administrators, Inc. (DGA), Pittsburgh

Logistics Systems, Inc. Employee Health and Welfare Plan (the "Plan"), Pittsburgh Logistics, Inc., and P.G.T. Trucking, Inc. (PGT) under the Employee Retirement Income Security Act (ERISA) seeking review of a denial of medical benefits. The matter was referred to a Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(A) and (B). Defendants then filed a Motion to Dismiss/Motion for Summary Judgment asserting that the suit was barred by the three year statute of limitations present in the health plan. The Magistrate Judge recommended that the Motion for Summary Judgment be granted in favor of defendants. On April 11, 2002 the District Court adopted the Magistrate Judge's report. Thomas Fontana appeals. We will affirm.

Thomas Fontana sued the defendants under 29 U.S.C. §1001 et. seq. The District Court exercised federal question jurisdiction pursuant to 28 U.S.C. §1331 (2001), and we exercise jurisdiction over the Court's final order pursuant to 28 U.S.C. §1291 (2002). We review *de novo* the District Court's grant of summary judgment. We will affirm the District Court's order if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Mushalla v. Teamsters Local No. 863 Pension Fund, 300 F.3d 391, 395 (3d Cir. 2002). We review the facts in a light most favorable to the non-moving party. Id. We also exercise plenary review over the District Court's choice of the applicable statute of limitations. Syed v. Hercules, 214 F.3d 155, 159 n.2 (3d Cir. 2000).

The facts are undisputed. During 1997, Fontana was employed by PGT and was a

2

participant in their Health and Welfare Plan, which was administered by DGA. The Plan included a statute of limitations provision barring actions brought more than three years from the date that written proof of loss was required to be submitted. On May 29, 1997, Fontana experienced a myocardial infarction that resulted in various hospital and medical expenses. Fontana submitted a notice of claim to DGA attempting to recover his expenses. On October 6, 1997, DGA notified Fontana that it was denying his request for benefits because his injuries were the result of a pre-existing condition that was not covered by the Plan. DGA also notified Fontana that if he disagreed with the determination that he should file a written appeal within 60 days.

Fontana's counsel filed an appeal with DGA on December 5, 1997. On March 10, 1998, Fontana's counsel supplemented his previous request for review of the denial with additional proofs. The Plan administrators never responded to Fontana's appeal. Over three years later, on May 29, 2001, Fontana filed suit against Appellees seeking to recover for the denial of benefits.

The Magistrate Judge found that Fontana's claim was barred by the three year statute of limitations set forth in the Health Plan. Fontana does not challenge the reasonableness of the three year statute of limitations.[1] Instead, Fontana asserts that the

---

[1]Appellant does direct this Court's attention to the four year statute of limitations applicable to contract actions in Pennsylvania. *See* 42 Pa. Cons. Stat. Ann. §5525(8). We find that the Magistrate Judge properly concluded that the correct statute of limitations was the three year period contractually agreed to by the parties in the health plan. We further agree that the three year statute of limitations is reasonable. *See* Doe v. Blue

3

limitations period should have been tolled in this case because he was continuously engaged in an appeal procedure because the Health Plan administrators failed to respond to his appeal.

An action to recover for denial of benefits under ERISA accrues "when an application for benefits is formally denied." Salcedo v. John Hancock Mutual Life Ins. Col., 38 F. Supp. 2d 37, 42 (D. Mass. 1998). At all times relevant to this appeal, the regulations governing ERISA stated that if a decision on review is not furnished within the applicable time period the claim "shall be deemed denied on review." 29 C.F.R. §2560.503-1(h)(4) (2000). Typically, the "applicable time period" is 60 days, but if an extension is needed, a fiduciary may have up to 120 days.

Given that the regulations clearly state that a claim is deemed denied when no decision has been rendered within the applicable time period, we reject Fontana's argument that the statute of limitations was tolled due to the plan administrators' failure to respond to his appeal. We agree with the Magistrate Judge that Fontana's appeal was deemed denied at the very latest on April 5, 1998, 120 days after it was filed. Because Fontana did not file his claim until May 29, 2001, over three years from the date his claim was denied, it is time-barred.

Fontana's argument that section 2560.503-1(h)(4) is permissive rather than

---

Cross & Blue Shield United of Wis., 112 F.3d 869, 873-75 (7th Cir. 1997) (finding a thirty nine month contractual statute of limitations period reasonable).

4

mandatory, and that the power to deem the claim denied lies with the *claimant*, is unavailing. Fontana relies on <u>Massachusetts Mutual Life Ins. Co. v. Russell</u>, 473 U.S. 134 (1985), in which the Supreme Court held that "the regulations merely state that a claim *may* be treated as having been denied after the 60- or 120–day period has elapsed." <u>Id.</u> at 144 (emphasis added). We do not read the Court's usage of the word "may" in <u>Russell</u> to indicate that section 2560.503-1(h)(4) is permissive. The regulation is very clear: it states that a claim "shall" be denied after the applicable time period has expired. In using the word "may," the <u>Russell</u> Court meant that, after the applicable time period, a claimant *is authorized* to bring an action to have the merits of his application determined in the same manner as if there had been an outright denial of benefits. *See* <u>Southern Farm Bureau Life Ins. Co. v. Moore</u>, 993 F.2d 98, 101 (5th Cir. 1993).

We also reject Fontana's argument that <u>Mason v. Aetna Life Ins. Co.</u>, 901 F.2d 662 (8th Cir. 1990), compels a different result. In <u>Mason</u> the claimant received actual notice of denial after the expiration of the 120 day period and the Court of Appeals for the Eighth Circuit held that the statute of limitations accrued from the date of actual notice. The court observed that the fact that Aetna gave actual notice of denial after the expiration of the 120 day period indicated that they did not deem the appeal denied. <u>Id.</u> at 664 fn. 3. The court did not address when the statute of limitations might have accrued absent actual notice.

Because we agree with the Magistrate Judge and the District Court that Fontana's

5

claim was barred by the three year statute of limitations, we will affirm the Court's grant of summary judgment.

_____

TO THE CLERK OF COURT:

Please file the foregoing not precedential opinion.


/s/ Marjorie O. Rendell
Circuit Judge