# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3572

_____

| | | |
|---|---|---|
| Esther Abdel, | * | |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| U.S. Bancorp, | * | Appeal from the United States |
| | * | District Court for the |
| Defendant/Appellee, | * | District of Minnesota. |
| | * | |
| Hartford Comprehensive Employee | * | |
| Benefit Service Company; Hartford | * | |
| Financial Services Group, Inc. | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: April 21, 2006
Filed: August 11, 2006

_____

Before ARNOLD, COLLOTON, Circuit Judges, and BOGUE,[1] District Judge.

_____

COLLOTON, Circuit Judge.

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

Esther Abdel appeals from the district court's[2] grant of summary judgment dismissing her action to recover long-term disability ("LTD") benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B) ("ERISA"). We affirm.

I.

Abdel was employed by U.S. Bancorp ("U.S. Bank") from 1991 until September 2000. At that time, Hartford Comprehensive Employee Benefit Service Company ("Hartford") was the plan administrator handling disability benefit claims and initial appeals for U.S. Bank. In her last year of work, Abdel applied for LTD benefits beginning on November 15, 1999, listing her conditions as asthma, migraine headaches, double vision, and shortness of breath. She provided a statement from her treating physician, Dr. Walid Mikhail, diagnosing her with general anxiety disorder, caused by "work harassment [and] abuse by current staff," and suggesting that she would "need a different work environment [before] being able to return." Based on this statement and a telephone call to Dr. Mikhail, Hartford informed Abdel in a letter dated January 5, 2000, that the "weight of the medical evidence in your file does not show that you met the definition of Totally Disabled as of November 15, 1999. Accordingly, no benefits are payable on your LTD claim." (Appellee's App. at 44).

The letter included an invitation to send Hartford any additional information not previously submitted within 60 days, in response to which Hartford would conduct a review and provide "written notification of the results of our review." (*Id.*). For applicants who had no additional information but still disagreed with the denial decision, the letter stated that "the Employee's Retirement Income Security Act of

---

[2]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

1974 (ERISA) provides you with the right to appeal our decision to the Plan Administrator." (*Id.* at 44-45). The letter indicated that to initiate this appeal process, Abdel was required to write to Hartford within 60 days, authorizing the Plan Administrator to fully review her file and clearly outlining her position and "any issues or comments" Abdel had in connection with the claim. (*Id.* at 45).

In response, Dr. Mikhail submitted additional medical records, and Hartford responded with another letter, dated January 26, 2000, again denying benefits. This letter stated that "[i]t is still our determination that you do not meet the Plan definition of Total Disability . . . and we are upholding our decision to deny LTD benefits on your claim." (Appellant's App. at 42-43). Hartford explained that:

> [t]he medical information provided does not support that you are disabled due to migraine headaches, asthma, or shortness of breath. All of the medical information received documents that you are being treated for anxiety. In addition, Dr. Mikhail has stated to us that your anxiety is secondary to issues at work, and he strongly recommended that you work in a different work place.

(*Id.* at 43). The letter repeated Abdel's right to appeal the decision, specifying that if Abdel did not agree with the reason her claim was denied, she should write to Hartford "within 60 days of this letter," clearly stating her position and authorizing Hartford to release relevant portions of her file to the Plan Administrator. (*Id.*).

Dr. Mikhail again wrote to Hartford, in a letter dated February 15, 2000, clarifying his view that Abdel was "totally disabled from the dates of November 15, 1999 to January 31, 2000 due to anxiety disorder." (Appellant's App. at 45). On February 25, 2000, Hartford responded by approving Abdel's claim for LTD benefits, but advising Abdel that her Plan "limits benefits to twenty-four months for certain disabilities" and stating that "[b]ased on a review of the medical documentation that we have received in support of your LTD claim, we have determined that your

disability is subject to this provision." (*Id.* at 48). Under the terms of Abdel's plan, "[i]f a Participant is Disabled *because of Mental Illness or any condition that may result from Mental Illness*, subject to all other Plan provisions, benefits shall be payable . . . for a total of twenty-four (24) months for all such Disabilities during the Participant's lifetime." (*Id.* at 25) (emphasis added).

On several occasions, Hartford informed Abdel that due to this 24-month limit, her LTD benefits payments would continue only through March 19, 2002. On March 10, 2002, Abdel wrote to Hartford, arguing that she should not be subject to the 24-month limitation, and claiming that she suffered from migraine headaches, vision impairments, and chronic pain in her neck, upper shoulders, and arms. Hartford reviewed Abdel's file and informed her, in a letter dated June 12, 2002, that "the evidence submitted in support of your claim does not establish that you meet the Plan definition of Totally Disabled for your physical condition." (Appellant's App. at 57). The letter also explained that "[t]he weight of the medical evidence we have been provided shows that in the absence of your psychiatric condition you are not physically disabled from any occupation," and reiterated that no benefits would be paid beyond March 19, 2002, for her psychiatric condition. (*Id.* at 60). The letter repeated her administrative appeal rights, and informed Abdel that after this administrative appeal, if Hartford again denied her claim, she would have the right to bring a civil action under ERISA. (*Id.*).

Abdel appealed the denial, and U.S. Bank had another doctor review Abdel's file and medical conditions. The U.S. Bancorp LTD Benefit Claim Subcommittee then sent Abdel a letter dated October 16, 2002, stating that the "Committee has decided to uphold the previous decision to wholly deny your claim for LTD benefits beyond March 19, 2002." (Appellant's App. at 38). The letter provided that "[t]his decision is final . . . and you have exhausted your right to appeal under the claims procedures of the Plan. You may bring a civil action" under ERISA. (*Id.* at 40).

-4-

Abdel subsequently sued U.S. Bank, alleging employment discrimination, and she settled her claims on June 2, 2003. In the settlement agreement, Abdel released U.S. Bank from:

> any and all claims . . . under any federal, state or local ordinance prohibiting discrimination in employment, including any claims for discrimination arising under . . . the Employee Retirement Income Security Act of 1976 [sic] . . . or any other claims in any manner relating to her employment with and separation from the Bank, or otherwise, arising in law or equity, whether known, suspected, or unknown, and however originating or existing, to the date of her signing of this Agreement.

(Appellant's App. at 7). The agreement further provided that "[n]otwithstanding the foregoing, this Agreement and Release does not affect Abdel's rights to employee benefits, if any, payable after the termination of employment, including but not by way of limitation, retirement benefits." (*Id*.).

On August 6, 2004, Abdel filed suit under ERISA, 29 U.S.C. § 1132(a)(1)(B), claiming that she was wrongfully denied LTD benefits. U.S. Bank moved for summary judgment, contending that Abdel's claims were barred by the release and by the statute of limitations. The district court granted the motion, holding that the settlement agreement had released all potential ERISA claims. The court also held, in the alternative, that Abdel's claim was not timely because the two-year limitations period began to run on February 25, 2000, when U.S. Bank "clearly conveyed to Plaintiff that due to the nature of her disability," her benefits would be subject to the 24-month limit, and effectively repudiated any claim to benefits beyond this period.

II.

On appeal, Abdel argues that the settlement release does not bar her claim, and that her action under ERISA was timely filed. We conclude that even assuming that Abdel's ERISA claim was not covered by the release, the action is barred by the statute of limitations.

ERISA contains no limitations period, and Minnesota's two-year statute of limitations governing contract actions to recover unpaid benefits applies. *See Cavegn v. Twin City Pipe Trades Pension Plan*, 223 F.3d 827, 829-830 (8th Cir. 2000). The question of claim accrual, however, is governed by federal common law. *Id.* A cause of action for plan benefits under ERISA accrues when a plan fiduciary has "formally denied an applicant's claim for benefits or when there has been a repudiation by the fiduciary which is clear and made known to the beneficiary." *Id.*; *see also Union Pac. R.R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998).

U.S. Bank alleges that Abdel's cause of action accrued in January 2000, when Hartford initially denied Abdel's benefits claim, or on February 25, 2000, when it granted benefits subject to the mental illness durational limitation. Abdel argues that her claim accrued on October 16, 2002, when U.S. Bank informed her that she had exhausted all internal appeals and could file suit. Alternatively, if her claim accrued earlier, Abdel contends that the limitations period was tolled while she exhausted her internal remedies under the plan.

Abdel's initial request for benefits encompassed two different claims under the terms of the plan. The broader claim was for benefits of unlimited duration, based on the claimed physical conditions of asthma, double vision, migraine headaches, and shortness of breath. The parties refer to this as a claim for "benefits based on physical disability." She also claimed disability benefits for an anxiety disorder. This claim was narrower, because the plan limited benefits based on mental illness to a period

of 24 months. The administrator denied her request in its entirety on January 5 and January 26, 2000.

Abdel appealed the denial by way of Dr. Mikhail's letter dated February 15, 2000, but the appeal was limited to the narrower claim for 24 months' of benefits based on the anxiety disorder. The letter made no mention of Abdel's physical conditions or her broader claim for benefits unlimited in duration based on these physical conditions. (Appellant's App. at 45). The administrator was persuaded by the appeal, and thus granted Abdel benefits for 24 months based on her mental condition.

Relying on this course of events, and cryptic notes of a Hartford claims adjuster in 2002 that the administrator "did not formally deny phys" in 2000, Abdel argues that her claim for benefits based on physical disability was not denied until October 2002. We disagree. The administrator clearly denied Abdel's claim for physical disability benefits of unlimited duration on January 26, 2000, and Abdel declined to challenge that aspect of the decision through an administrative appeal. Even if a timely administrative appeal delays the accrual date until after internal remedies are exhausted, *see Fogerty v. Metro. Life Ins. Co.*, 850 F.2d 430, 433 n.3 (8th Cir. 1988), *overruled on other grounds by Johnson v. State Mut. Life Assur. Co.*, 942 F.2d 1260, 1266 (8th Cir. 1991) (en banc), Abdel failed to appeal the denial of benefits for physical disability within the time provided. We have given conflicting signals about whether an ERISA claim accrues at the time of the initial denial, *Wilkins v. Hartford Life and Accident Ins. Co.*, 299 F.3d 945, 947, 949 (8th Cir. 2002), or after the timely exhaustion of administrative remedies under the plan. *Mason v. Aetna Life Ins. Co.*, 901 F.2d 662, 664 (8th Cir. 1990), but taking the view most favorable to Abdel, her cause of action under ERISA accrued, at the latest, after expiration of the 60-day time period within which she could have timely appealed the denial of her claim for the physical disability benefits.

Abdel's request in March 2002 for reevaluation of the denial of benefits based on her physical condition may have been necessary to exhaust her administrative remedies under the plan (as Hartford indicated in its October 2002 letter), *see Wert v. Liberty Life Assur. Co.*, 447 F.3d 1060, 1065-66 (8th Cir. 2006), and the request and subsequent internal appeal may have been sufficient to meet the exhaustion requirement even though Abdel did not initially pursue her internal remedies in a timely manner. *See Jenkins v. Local 705 Int'l Bhd. of Teamsters Pension Plan*, 713 F.2d 247, 254 (7th Cir. 1983). But the belated effort to exhaust remedies does not change the accrual date of Abdel's claim. If such a request for reevaluation of a claim previously denied were sufficient to delay the accrual date or renew the statue of limitations, then a participant could forestall the running of the statute of limitation simply by declining to pursue internal remedies under the ERISA plan. Reconsideration of prior requests is to be encouraged, *Mason*, 901 F.2d at 664, and Hartford's 2002 reevaluation of Abdel's file does not re-start the limitations period. *Id.* This case involves no explicit statement by the administrator to the claimant that it was treating the later request as a "new application," *cf. Cavegn*, 223 F.3d at 829, and the substance of Abdel's 2002 request – which was based on renewed complaints of physical conditions virtually identical to those considered in 2000 – leads us to conclude that it triggered a reevaluation of an earlier claim, rather than a decision about an entirely new claim.

In summary, assuming Abdel's claim under ERISA was not released by her previous settlement agreement, the claim accrued no later than March 26, 2000. She filed the instant action on August 6, 2004, a date that was beyond the two-year limitations period. Her claim is therefore barred by the statute of limitations, and the judgment of the district court is affirmed.

_____