Aaron CHAMBERS, Plaintiff,

v.

MONTANA CONTRACTORS ASSOCIA-
TION HEALTH CARE TRUST and
Employee Benefit Management Ser-
vices ("EBMS"), a/k/a EBMS Incorpo-
rated, Defendants.

No. CV–09–81–BLG–CSO.

United States District Court,
D. Montana,
Billings Division.

Oct. 29, 2009.

Karl Knuchel, Walter H. Madden, Knu-
chel & Madden, Livingston, MT, for Plain-
tiff.

Brendon J. Rohan, Poore Roth & Robin-
son, Butte, MT, for Defendants.

## ORDER GRANTING MOTION TO DISMISS

CAROLYN S. OSTBY, United States Magistrate Judge.

Plaintiff Aaron Chambers ("Chambers") initiated this action in Montana state court against Defendants Montana Contractors Association Health Care Trust ("Trust") and Employee Benefit Management Services ("EBMS") under the Employee Retirement Income Security Act ("ERISA"). Am. Cmplt. (Court's Doc. No. 8). Chambers alleges that the Trust, through EBMS, wrongfully denied his health care benefit claims submitted for injuries he sustained when he was struck by an automobile. *Id.* at ¶¶ 8–11. Chambers seeks compensatory damages, interest, costs, and attorney's fees as allowed under ERISA. *Id.* at 4 (prayer for relief).

Now pending is EBMS's Motion to Dismiss Plaintiff's Amended Complaint. *Court's Doc. No. 4.* The Trust has joined EBMS in moving to dismiss and the matter is fully briefed. *See* Court's Doc. Nos. 19, 23, 25, 26, and 27. Having reviewed the record, together with the parties' arguments in support of their respective positions, the Court will grant the motion to dismiss as explained below.

## I. *BACKGROUND*

### A. *Chambers's Allegations*

In his Amended Complaint, Chambers alleges as follows:

On August 2, 2002, a car struck Chambers as he walked across a street in Livingston, Montana. Am. Cmplt. at ¶ 8. He suffered severe injuries, including a fractured pelvis, ruptured spleen, and head injuries. He required surgery and hospitalization. *Id.* at ¶ 9.

At the time, Chambers was a participant in the Trust's health care plan (the "Plan"). *Id.* at ¶ 7. He submitted his medical bills to EBMS, the agent the Trust used to administer clams for health care benefits under the Plan. *Id.* at ¶ 10.

The Trust, through EBMS, denied Chambers's claims and refused to pay his medical bills. *Id.* at ¶ 11. In a certified letter to EBMS sent in May 2003, Chambers appealed EBMS's decision denying his health care benefits claims. *Id.* at ¶ 14. Neither EBMS nor the Trust answered his letter. *Id.* at ¶ 15.

Chambers filed this action in state court on July 30, 2007. See Park County District Court Case Registry Report (Court's Doc. No. 9) (original Complaint attached). He filed his Amended Complaint on June 5, 2009. Am. Cmplt. (Court's Doc. No. 8) at 1. Defendants removed the action to this Court on June 29, 2009. Notice of Removal (Court's Doc. No. 1) at 1.

### B. *Procedural Background Surrounding the Instant Motion*

On June 30, 2009, EBMS filed its motion to dismiss. It attached as an exhibit to its supporting brief the Plan's summary plan description ("SPD"). Court's Doc. No. 5–2. Shortly after concluding briefing on the motion, EBMS filed a status report and an unopposed motion to stay ruling on its motion to dismiss. Court's Doc. No. 12. EBMS reported that it had recently learned that it may have been relying on the wrong SPD in evaluating Chambers's case against it. Consequently, it requested that the Court stay ruling on the motion to dismiss and allow it to investigate whether it had the correct SPD. The Court granted the unopposed motion and stayed ruling. Court's Doc. No. 15.

On August 14, 2009, EBMS filed a motion to substitute the SPD exhibit supporting its motion to dismiss with a different version of the SPD that EBMS asserted was applicable to Chambers's case. Court's Doc. No. 16. Chambers did not respond despite having been afforded time

to do so. On August 31, 2009, the Court issued an Order granting EBMS's motion to substitute the SPD exhibit supporting its motion to dismiss. Court's Doc. No. 17.

On September 1, 2009, the Trust filed its joinder, with a supporting brief, in EBMS's motion to dismiss. Court's Doc. Nos. 18 and 19. The Trust also filed a notice advising of a recently-decided case from the Ninth Circuit. Court's Doc. No. 23. Chambers filed a brief in response to the Trust's joinder and a separate response to the Trust's notice of supplemental authority. Court's Doc. No. 25 and 26. Finally, on September 25, 2009, the Trust filed a reply brief. Court's Doc. No. 27.

## II. *THE PARTIES' ARGUMENTS*

Defendants argue that Chambers's Amended Complaint must be dismissed because his claims are time-barred. EBMS's Br. (Court's Doc. No. 5) at 2. They note that Chambers was injured on August 2, 2002, and that he filed this case in state court five years later on July 30, 2007. Because the Plan provides that any legal action must be brought within three years after the expense giving rise to the claim was incurred, they argue, this action is not timely. Trust's Br. (Court's Doc. No. 19) at 6–9.

Chambers responds that this action is timely. Chambers's Resp. Br. (Court's Doc. No. 10) at 2–4. He maintains that Ninth Circuit case law holds that state statutes of limitation apply in ERISA actions for claims for which ERISA does not specify a limitations period. *Id.* at 2. Here, he argues, ERISA does not provide a limitations period so "Montana's eight-year breach of contract statute of limitations" governs this case. *Id.* at 2–3. He also argues that Montana's "anti-shortening" statute, which prohibits attempts to limit the time within which a party may enforce its rights under a contract, prevents Defendants from claiming that the

Plan's three-year limitations period bars his action. *Id.* at 3–4.

In reply, Defendants argue that courts are to look to analogous state statutes of limitation only when the plan at issue does not contain a limitations period. EBMS's Reply Br. (Court's Doc. No. 11) at 3–4; Trust's Reply Br. (Court's Doc. No. 27) at 4. In this case, they argue, because the Plan expressly provides a 3–year limitations period, "there is no need to resort to the analogous state law since [the Plan] provides a reasonable limitation[s period]." EBMS's Reply Br. at 4. Also, Defendants argue, Montana's so-called "anti-shortening" statute does not apply because ERISA preempts state law from impacting the Plan. *Id.* at 5–6; Trust's Reply Br. at 8.

## III. *LEGAL STANDARD*

Dismissal is appropriate under Rule 12(b)(6), Fed.R.Civ.P., when a plaintiff's allegations fail "to state a claim upon which relief can be granted." In evaluating the sufficiency of a complaint's allegations, a court must assume the facts alleged in the complaint to be true unless the allegations are controverted by exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by the complaint and whose authenticity no party questions. *Lee v. City of Los Angeles,* 250 F.3d 668, 688–89 (9th Cir.2001).

A court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001), amended on other grounds by 275 F.3d 1187 (9th Cir.2001). A court should not grant dismissal unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S.

544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

Dismissal should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir.1998). But dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, n. 1 (9th Cir.1997). Thus, when the facts and dates alleged in the complaint demonstrate that the claim is barred by the applicable statute of limitations, the court may grant a motion to dismiss for failure to state a claim. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980).

## IV. *DISCUSSION*

### A. *Reliance on the SPD*

As an initial matter, a court considering a Rule 12(b)(6) motion generally cannot consider material outside of the complaint. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141, n. 5 (9th Cir.2003); *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D.Cal.2003) (citing *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir.1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir.2002)). A court may consider, however, exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. Also, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006) (citations omitted).

A court is permitted to treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908 (citations omitted). If a court treats a document in this way, the court need not convert the motion to dismiss to one for summary judgment. *Id.*

■ Here, Chambers did not attached the SPD upon which Defendants rely to either his original complaint or to his Amended Complaint. The Court concludes, however, that it need not convert the motion to dismiss to one for summary judgment for the reasons that follow.

First, Chambers's claims necessarily rely on the contents of the SPD. His allegation that Defendants wrongfully denied him benefits under the Plan, as reflected in the SPD, forms the basis of his claims.

Second, Chambers refers extensively in his Amended Complaint to the Plan and its provisions as they are reflected in the SPD. He even quotes from the "Exclusions and Limitations" provision of the SPD in his Amended Complaint. See Am. Cmplt. at ¶ 13.

Finally, Chambers has challenged neither the authenticity of the SPD at issue nor its relevance in this action despite having had several opportunities to do so. As reflected above, EBMS attached an SPD, albeit an incorrect one, as an exhibit to its brief filed in support of its motion to dismiss. Chambers did not challenge the exhibit. EBMS, after discovering that it had relied on an incorrect SPD, then moved to replace it with the correct version. Chambers did not object. The Trust then joined with EBMS in moving to

dismiss and relied on the SPD in arguing for dismissal. Despite having another opportunity to challenge the exhibit in his response brief, Chambers again did not object to the SPD as the operative document upon which his claims are based.

For the forgoing reasons, the Court concludes that it is appropriate for it to consider the SPD in deciding the motion to dismiss without converting the motion to one for summary judgment.

### B. *Time–Barred Action*

The SPD applicable in this case sets out both what a Plan participant must do to claim benefits and the time within which the participant must act. See Mtn. for Substitution of Exhibit (Court's Doc. No. 16) (attached as Exhibit 1 ("SPD")). To make a claim, the SPD provides that a claimant should give written proof of the claim to the Claims Administrator "within 30 days after the date you receive services." SPD at 11. The SPD adds that "[i]n any event, your claim must be submitted to the Claims Administrator no later than one year from the date you receive the service...." *Id.*

If the Claims Administrator does not process a claim within 90 days of receipt, the claimant may proceed to the Plan's review and appeal procedure as though the Claims Administrator denied the claim. *Id.* at 13. Under this procedure, a claimant may have a benefits claim denial reviewed "by delivering a written request for review to the Plan Administrator within 60 days following such ... denial of clam." *Id.* The Plan Administrator then has 60 days within which to "make a decision on the request for review ... unless special circumstances require an additional sixty (60) day extension." *Id.*

With respect to challenging the Plan's disposition of a claim via a legal action in state or federal court, the SPD provides:

> Note that no legal action to recover any benefits may be brought before 60 days after the required written claim has been submitted to the Claims Administrator. Further, no legal action may be brought more than three years after the written claim is required to be submitted to the Claims Administrator.

*Id.* at 12.

Finally, in a section explaining Plan participants rights under ERISA, the SPD again provides that "[l]egal action to recover benefits under this Plan may not be brought ... later than 3 years after the expense and/or disability was incurred." *Id.* at 63.

Here, as noted above, Chambers was struck by a car and injured on August 2, 2002. In light of the severity of his injuries, he presumably received services and incurred expenses that day or immediately thereafter. He has offered no evidence or argument that there was any delay in his receipt of services or that he did not promptly incur expenses. Similarly, he has neither argued nor alleged that accrual of his claims for purposes of filing a legal action occurred later. Also, he has not argued that any limitations period applicable to his action should be tolled for any reason.

■ As noted, the Plan provides a 3–year limitations period for bringing legal actions. If that limitations period is applied in this case, Chambers was required to initiate this action on or before August 2, 2005. As noted, he originally filed this action on July 30, 2007, nearly two years after expiration of the limitations period. Therefore, unless Chambers prevails with his argument that Montana's 8–year statute of limitations for actions on written contracts governs instead of the SPD's 3–year limitations period, this action is time-barred. For the reasons discussed below, the Court concludes that the SPD's limita-

tions period applies and that Chambers's action is, therefor, time-barred.

ERISA does not specify a limitations period for actions, such as this one, brought under 29 U.S.C. § 1132(a)(1)(B) to recover benefits. *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643, 646 (9th Cir.2000) (citation omitted). In such situations, courts generally "look to the most analogous state statute of limitations." *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1031 (9th Cir.2006) (quoting *Wetzel*, supra).

This general rule has an exception. Multiple courts have held that where the operative plan contains a limitations period, it governs if it is reasonable. *Northlake Regional Medical Center v. Waffle House System Employee Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir.1998); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 874 (7th Cir.1997).[1] Thus, "[c]hoosing which state statute to borrow is unnecessary ... where the parties have contractually agreed upon a limitations period." *Northlake Regional*, 160 F.3d at 1303.

The Ninth Circuit has not squarely addressed whether it is appropriate to apply a contractual limitations period in the ERISA context. The Circuit Courts of Appeal that have addressed the issue, however, have either directly concluded that a limitations period in an ERISA benefits plan is enforceable, if it is reasonable, or have effectively enforced such a provision. *See Island View Residential Treatment Center v. Blue Cross Blue Shield of Mass., Inc.*, 548 F.3d 24, 27 (1st Cir.2008); *Fontana v. Diversified Group Administrators*, 67 Fed.Appx. 722 (3d Cir.2003) (unpublished); *White v. Sun Life Assur. Co. of Canada*, 488 F.3d 240, 250 (4th Cir.), *cert. denied*, 552 U.S. 1022, 128 S.Ct. 619, 169

L.Ed.2d 394 (2007); *Harris Methodist Fort Worth v. Sales Support Services Inc. Employee Health Care Plan*, 426 F.3d 330, 337 (5th Cir.2005); *Medical Mut. of Ohio v. K. Amalia Enterprises, Inc.*, 548 F.3d 383, 390–91 (6th Cir.2008); *Doe*, 112 F.3d at 874 (Seventh Circuit); *Wilkins v. Hartford Life and Accident Ins. Co.*, 299 F.3d 945, 948 (8th Cir.2002); *Moore v. Berg Enterprises, Inc.*, 201 F.3d 448 (10th Cir. 1999) (unpublished); and *Northlake Regional*, 160 F.3d at 1303 (Eleventh Circuit).

The Court believes that the Ninth Circuit, if faced with the question, would enforce a limitations period contained in an ERISA plan, if it is reasonable, rather than look to the most analogous state statute of limitations. The Ninth Circuit has indicated that it is mindful of the need for it to maintain consistency with other Circuit Courts of Appeal in forming and refining federal common law in the ERISA context. In a recent case, the Ninth Circuit, in declining to import into federal common law a state regulation requiring insurers to inform ERISA plan claimants expressly of statutes of limitations that may bar their claims, observed that:

> "Congress expects uniformity of decisions under ERISA." *Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1440 (9th Cir.1990) (per curiam); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) ("The uniformity of decision which the Act is designed to foster will help administrators, fiduciaries and participants to predict the legality of proposed actions without the necessity of reference to varying state laws.") (internal quotation marks omitted).

\* \* \*

---

1. Because of this exception, Chambers's reliance on *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026 (9th Cir.2006), is misplaced. In *Chuck*, the court applied the general rule, and not the exception, because the plan at issue did not contain a limitations period.

To require plan administrators within the Ninth Circuit to inform participants separately of time limits already contained in the SPD, when other circuits have rejected a similar rule, would place the Ninth Circuit out of line with current federal common law and would inject a lack of uniformity into ERISA law.

*Scharff v. Raytheon Co. Short Term Disability Plan*, 581 F.3d 899, 908 (9th Cir. 2009).

The same might be said in this case if the Ninth Circuit were to step "out of line" with all of the other circuit courts listed above that have determined that a limitations period in an ERISA benefits plan is enforceable, if it is reasonable. Also, the Ninth Circuit already has implied in other cases that contractual limitations periods are enforceable and that it would permit shorter limitations periods contained in an ERISA plan. *See, e.g., Wetzel*, 222 F.3d at 650 (court considered issue of whether claim was "contractually barred by the limitations provision in the policy[ ]" implying that Ninth Circuit believes ERISA statutory period may be altered by policy term); *Mogck v. Unum Life Ins. Co.*, 292 F.3d 1025, 1028 (9th Cir.2002) (same).

The next issue, then, is whether the three-year limitations period in the Plan is reasonable. The Court can quickly resolve this issue. Chambers has not argued that the period is unreasonable, nor could he in light of the weight of authority supporting the conclusion that the three-year limitations period at issue here is reasonable. Federal courts have held that limitations periods from 90 days to three years are reasonable in similar cases. *See, e.g., Northlake Regional*, 160 F.3d at 1304 (90–day limitations period); *Dye v. Associates First Capital Corp. Long–Term Disability Plan 504*, 243 Fed.Appx. 808 (5th Cir.2007) (unpublished) (120–day limitations period); *Sheckley v. Lincoln Nat'l Corp. Employ-*

*ees' Ret. Plan*, 366 F.Supp.2d 140, 145–46 (D.Me.2005) (six-month limitations period); *Scharff v. Raytheon Co. Short Term Disability Plan*, 2007 WL 2947566 (C.D.Cal. 2007) (one-year limitations period), *aff'd* 581 F.3d 899 (9th Cir.2009); *Alcorn v. Raytheon Co.*, 175 F.Supp.2d 117, 122 (D.Mass.2001) (three-year limitations period).

Because Chambers has not argued that the Plan's limitations period is unreasonable and in light of the foregoing authority supporting the conclusion that a three-year limitations period is reasonable under the circumstances, the Court concludes that the Plan's three-year limitation period is reasonable.

Finally, the Court is not persuaded by Chambers's argument that Montana's so-called "anti-shortening" statute precludes the Plan from imposing its three-year limitations period on Chambers's claim for benefits. It is not disputed that the Plan at issue is governed by ERISA. Am. Cmplt. at 1, 4; EBMS's Br. at 3–6; Trust's Br. at 2, 5–6. "ERISA contains a broad preemption clause, such that with only limited exceptions it 'supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.'" *Johnson v. Couturier*, 572 F.3d 1067, 1078 (9th Cir.2009) (quoting 29 U.S.C. § 1144(a)). If "state law conflicts with the provisions of ERISA or operates to frustrate its objects[,]" ERISA preempts it. *Id.* (quoting *Boggs v. Boggs*, 520 U.S. 833, 841, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997) and citing *Branco v. UFCW–Northern Cal. Employers Joint Pension Plan*, 279 F.3d 1154, 1157 (9th Cir.2002) (holding that ERISA's surviving spouse annuity preempts a testamentary transfer)).

■ Here, Montana's anti-shortening statute, MCA § 28–2–708, purports to preclude parties from shortening the statute

of limitations for breach of contract actions. This attempt to limit an ERISA plan's ability to impose a limitations period on its claimants conflicts with the body of federal common law discussed above that permits parties to contractually agree to a limitations period in an ERISA plan. Thus, ERISA preempts the Montana statute.

For the foregoing reasons, and because Chambers filed this lawsuit beyond the limitations period imposed by the Plan, his action is time-barred. The Court, therefore, must dismiss this action.

V. CONCLUSION

Based on the foregoing,

IT IS ORDERED that the Motion to Dismiss Plaintiff's Amended Complaint (Court's Doc. No. 4) is GRANTED.

The Clerk of Court shall enter Judgment accordingly.